# CHARLESTON.

## EFFLER v. BURNS *et al.*

### Submitted September 9, 1910. Decided February 27, 1912.

HUSBAND AND WIFE—*Gift by Husband to Wife—Presumption—Trust.*

Where a husband voluntarily transfers property to the wife, it will be presumed the transfer was a gift. A trust in favor of the husband will not be presumed. That can only be established by clear evidence.

(BRANNON, PRESIDENT, absent.)

Appeal from Circuit Court, McDowell County.

Bill in equity by Barbara Effler against B. B. Burns and others. From a decree for defendants, plaintiff appeals.

*Reversed.*

*M. O. Litz,* for appellant.

ROBINSON, JUDGE:

In the year 1900, John Effler conveyed several tracts of land to B. B. Burns. The grantor's wife, Barbara Effler, joined in the conveyance. It seems that Burns was to hold title and to convey to other parties as Effler should direct. The reason for such an arrangement does not appear. Burns, at the direction

of Effler, executed a title bond to Barbara Effler, the wife, giving her equitable title to two of the tracts. The bond recites a consideration of thirty-five hundred dollars cash and five hundred dollars represented by a note. The note, payable to Burns, was afterwards endorsed by him as paid, and returned to Barbara Effler.

Notwithstanding the title bond for the sale of the land made to Barbara Effler, Burns subsequently contracted to sell the same land to another. He says Effler directed him to do so, This later contract was assigned so that it came to the Tug Ridge Coal and Land Company.

With matters thus in relation to the two tracts of land, Effler died, leaving widow and heirs. The coal and land company evidently had notice of the equitable right of Barbara Effler, though the title bond in her favor was not recorded; for she joined in a conveyance of the land made by Burns and wife to that company. The coal and land company paid the purchase money to Burns, the holder of the legal title who conveyed to it. Burns has paid the money into court. He claims no right therein.

The question to be settled from the proceedings and proofs is whether the money belongs to Barbara Effler, or to the estate of John Effler to be distributed under the statute of descents and distributions. The court below decided that it belonged to the latter and entered a decree accordingly. Barbara Effler complains by this appeal.

Manifestly the decree is wrong. The case does not involve rights of creditors. No attack has been made in behalf of creditors on the transfer of the land to the wife. That Barbara Effler was the beneficial owner of the land at the time she joined in the conveyance to the coal and land company is absolutely clear. Then why does not the money received for the land belong to her?

It is claimed for the heirs that the sale to Barbara Effler by title bond was based on no consideration. We may as well assume that to be true. But the evidence does not prove it so. The title bond and the paid note evidence a consideration. By no means does the evidence in the case decisively overthrow what they show. Still a consideration is not essential to a validity of

. the transaction. A husband may validly transfer property to the wife without money consideration, except as to creditors. The transaction was merely a transfer of the land from Effler to his wife, through Burns as a trustee. The papers prove it and so does the testimony of Burns. No evidence establishes a resulting trust in favor of the husband. Though we assume it was a gift, still, under the circumstances presented, it is valid. The heirs can claim no more than their ancestor, the husband, could. It suffices to cite the following well known rule: "When a conveyance of property is made by a husband to his wife directly or through a third person, or where he purchases property with his own means and causes title thereto to be taken in his wife's name, the presumption is, not of a resulting trust, but that the purchase and conveyance were intended as a gift or advancement for his wife, and if the husband asserts that in fact a resulting trust was intended the burden is upon him to establish that fact by clear evidence." · 6 Enc. Ev. 830.

The decree will be reversed. A proper decree will be entered here, giving to Barbara Effler the money arising from the land.

*Reversed.*