# CHARLESTON.

## HUFF v. HUFF.

Submitted November 19, 1913.    Decided December 2, 1913.

1. DIVORCE—*Grounds—Violence.*
    Actual violence, to constitute ground for divorce, must be attended with danger to life, limb or health, or be such as to cause reasonable apprehension of such danger.  (p. 331).

2. SAME—*Grounds—Unnatural Conduct—Desertion—What Constitutes.*
    Vulgar, indecent and unnatural conduct on the part of a wife and her solicitation of the husband to engage in such conduct with her, showing viciousness and degeneracy on her part, are not sufficient grounds for divorce, nor do they justify the husband in breaking off

cohabitation with her and treating her as having abandoned or deserted him.  (p. 332).

3. SAME—*Grounds—Adultery—Circumstantial Evidence,*

Though circumstantial evidence is admissible and sufficient to prove adultery in a suit for divorce, it must be so clear and strong as to carry conviction of the truth of the charge, and, if it does no more than raise a suspicion of chastity, it is insufficient.  (p. 332).

4. SAME—*Decree for Alimony—Right.*

A wife who has been abandoned and denied support by her husband may have a decree for alimony without a divorce, and such relief may be granted her in a suit for divorce brought by a husband, on a prayer in her answer therefor as affirmative relief.  (p. 334).

Appeal from Circuit Court, McDowell County.

Suit for divorce by Samuel H. Huff against Lillian M. Huff. From decree for plaintiff, defendant appeals.

*Reversed and Remanded.*

*Warth & McCullough,* for appellant.

*Sanders & Crockett,* and *Anderson, Strother & Hughes,* for appellee.

POFFENBARGER, PRESIDENT:

On this appeal from a decree of divorce from bed and board, the appellant, the wife, relies upon her demurrer to the bill and each charge made therein, and insufficiency of the evidence to sustain the decree in favor of her husband.

The fourth paragraph charges wilful desertion and the sixth adultery on the part of the wife, specifying the party with whom the act is alleged to have been committed and the time and place.  It is useless to consume time in the demonstration of the sufficiency of these two paragraphs.

As to the fifth and seventh paragraphs the demurrer should have been sustained.  The former makes a general charge of extreme and repeated cruelty, but specifies no facts sufficient to warrant the conclusion set forth.  The specifications are that the defendant repeatedly struck and assaulted the plaintiff, used violent and abusive language toward him, falsely charged him with having committed adultery, endeavored to get his employer to discharge him and resorted to legal proceedings to compel him to support her.  These acts do not amount to cruel and inhuman treatment, as it is defined in

the law. No imminence or even probability of personal injury by violence or loss of health by reason of annoyance and vexation is in any form alleged. ''What merely wounds the feelings, without being accompanied by bodily injury or actual menace, does not amount to legal cruelty.'' *Latham* v. *Latham,* 30 Gratt. 307; *Goff* v. *Goff,* 60 W. Va. 9, 16. ''Actual violence to constitute ground for divorce must be attended with danger of life, limb, or health, or be such as to cause reasonable apprehension of danger. It is not every slight violence committed against the wife by the husband, even in anger, which will authorize a divorce. Much less will slight acts of violence by a wife from which the husband can easily protect himself constitute cruelty entitling him to a divorce.'' 14 Cyc. 602. The seventh paragraph, charging vulgar, indecent and unnatural conduct of the defendant and her solicitation of the husband to engage in such conduct with her, obviously fail to set forth any ground of divorce. Acts of mere degradation and degeneracy in one of the parties to the marriage contract are not grounds of divorce, unless made so by statute, and those charged in this paragraph are not mentioned in it. To obtain a divorce in this state, a party must bring his case within a statutory ground. *Chapman* v. *Parsons,* 66 W. Va. 307; *Cariens* v. *Cariens,* 50 W. Va. 113.

The charge of desertion is wholly unsustained by proof. The plaintiff himself admits his refusal to cohabit and live with his wife for reasons and causes not constituting grounds for a divorce, those already described in the disposition of the demurrer to the fifth and seventh paragraphs of the bill. Under some circumstances, the innocent party may, by leaving the other, put the latter in the position of having abandoned him in the legal sense of the term. In other words, the conduct of one of the parties may justify separation from him by the other and confer right upon the leaving party to obtain a divorce upon the ground of wilful desertion. But, to justify such separation, the conduct of the guilty party must be such as to afford ground for a divorce *a mensa et thoro.* *Alkire* v. *Alkire,* 33 W. Va. 517; *Martin* v. *Martin,* 33 W. Va. 695.

Nor is there any proof of the charge of adultery. The plaintiff introduced as a witness the party with whom the bill

alleges the defendant committed it, and he admitted the failure of his efforts to obtain her consent to sexual intercourse with him, though he does testify that she went with him on two occasions to a secluded place in which the act might have been performed and with evident intent on her part to engage in it with him. On the first occasion, there was no effort to induce her to do so because of the presence of a third party. On the second occasion, he says she emphatically refused, giving as the reason her belief that he was endeavoring to put her husband in a position to obtain a divorce from her. He charges her with conduct highly improper, lascivious, but not criminal, and was obviously not unfriendly in his testimony to the plaintiff. The defendant emphatically denies the conduct imputed to her by him, and explains her association with him on the occasion to which he refers. She says he had told her on a former occasion he had information to give her, and she met him on the evening to which she refers, while walking along the railroad tract, and asked him to tell her what it was. Then, for the ostensible purpose of communicating to her some secret, he induced her to walk a short distance up the hill into the woods from the railroad, and, when there, he had nothing to tell her and made an improper proposal which she indignantly rejected. This is the only effort on the part of the plaintiff to prove any act of adultery. Other evidence charges her with having associated with lewd women. She admits having left the two places successively provided for her by her husband, one because the landlady had closed her house and the other because the inmates of the house had made it unpleasant for her, and gone to a boarding house where she associated more or less with two women of bad repute, but she says she had been so degraded by the conduct of her husband as to make it impossible for her to associate with more desirable persons. The testimony of the manager of the restaurant at which she had a room and where she is said to have associated with the two lewd women, was taken, and, while he testified as to the bad character of the two women and the association of the defendant with them, he does not give any instance of the association of the defendant with men and he says he never saw anything suspicious in or about her room. He further says the plaintiff was taking

his meals at his place, when the defendant became an inmate of the house, and shortly thereafter paid his bill and went elsewhere. In view of the persistent efforts of the defendant to renew conjugal cohabitation with the plaintiff, it is not too much to say she probably went there in the first instance because he frequented the place. However that may be, there is no proof of any adultery on her part at that place or elsewhere. If her association with the two women who are said to have been of bad character raises a suspicion of evil mindedness on her part, that is not enough to prove the charge of adultery. *Martin* v. *Martin,* cited; *Latham* v. *Latham,* cited; *Throckmorton* v. *Throckmorton,* 86 Va. 768. To establish it, direct and positive evidence of the criminal act is not required, but the circumstantial evidence must be sufficient to establish it clearly.

In support of the decree, it is said the finding of the trial court rests upon conflicting oral testimony. But there is no conflict in the evidence offered to prove desertion or justification of the act of the plaintiff in separating himself from his wife. As to this, the facts are admitted. The only conflict found in the testimony introduced to prove the charge of adultery relates to the reputation of the defendant for chastity. There is no direct evidence of any adulterous act, as has been shown, and there is conflict as to her reputation. Several witnesses say she obtained a bad reputation by her association with two evil minded women, but perhaps an equal number deny the aspersion upon her character and reputation. Thus the conflict in the testimony narrows down to facts and circumstances which, if established, do no more than raise a suspicion. The defendant's conflicting evidence as to these matters may be rejected and still there is lack of sufficient evidence of adultery. Moreover, the trial court evidently did not find her guilty of adultery, since the decree was from bed and board, and adultery would have authorized one *a vinculo.*

The denials of the answer, putting in issue all the material allegations of the bill, are followed by matter upon which there is predicated a prayer for an allowance of alimony by way of affirmative relief, and the trial court, notwithstanding the decree of divorce in favor of the plaintiff, required him to pay the defendant alimony in the sum of $25.00 per month for two

years. In view of his unjustifiable desertion of her and refusal to support her, she is entitled, upon principles declared in *Purcell* v. *Purcell,* 4 H. & M. 507, and *Almond* v. *Almond,* 4 Rand. 662, to an allowance of alimony for her maintenance, until such time as a reconciliation may be effected or until the right to it may be barred in some legal way. In our opinion, the monthly allowance decreed by the trial court is large enough under the circumstances. The plaintiff seems to have little or no estate. He is a railroad engineer making good wages out of which he ought to be able to pay the $25.00 per month without embarrassment. The defendant herself has considerable property and is not wholly dependent upon her husband for support.

The decree for alimony is erroneous in two respects, however. It limits the period of payment to the 7th day of February, 1912. It further provides that the acceptance by the defendant of any portion thereof shall be an acquiescence in the decree of divorce and bar and preclude her right to an appeal from it, and that an application for an appeal from the decree shall render the provision for alimony ineffectual, inoperative and void. The latter provisions are coercive in their operation and effect and unduly restrain the liberty and right of the appellant as a litigant. After the appeal was allowed, the error of the court in the insertion thereof in the decree was confessed here.

As the decree is clearly erroneous in almost every respect, it will be reversed and a decree will be entered here upon the prayer in the answer for cross relief, requiring the plaintiff to pay to the defendant the sum of $25.00 per month from the 14th day of September, 1910, the date of the decree appealed from, until the parties become reconciled and renew cohabitation, or the allowance becomes in some way barred by the conduct of the defendant, or until the further order of the circuit court of McDowell county, and the cause will be remanded for execution of the decree.

*Reversed and Remanded.*