# CHARLESTON.

## J. H. GRAY *v.* SANITARY BAKING COMPANY

## (No. 5456)

### Submitted January 19, 1926.   Decided January 26, 1926.

HUSBAND AND WIFE—*Husband Claiming Automobile Purchased by Wife, and Operated Under License in Her Name, as Against Her Creditors, Must Establish His Claim by Clear and Convincing Proof.*

In a contest between a married man and the creditors of his wife, involving the ownership of an automobile purchased by the wife, and operated under license, in her name, it is incumbent upon the husband to establish his claim by clear and convincing proof.

(Husband and Wife, 30 C. J. § 506 [Anno].)

(Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Wetzel County.

Proceeding by J. H. Gray against the Sanitary Baking Company, to try the right of property, begun before a justice of the peace. After verdict for plaintiff in the circuit court to which the case was appealed from judgment of the justice, defendant brings error.

*Reversed and remanded.*

*Charles C. Scott,* for plaintiff in error.

*C. H. Johnson* and *Willis & Ball,* for defendant in error.

LITZ, PRESIDENT:

The defendant, Sanitary Baking Company, a corporation, prosecutes error to the judgment of the circuit court rendered upon a verdict against it in favor of plaintiff, J. H. Gray, in a proceeding to try the right of property under Section 152, Chapter 50, Code.

February 20, 1924, an execution was issued by a justice of the peace of Wetzel county on a judgment that day recovered before him in favor of the Baking Company against Clara Gray, the wife of said J. H. Gray. This execution having been levied upon a Ford automobile as the property of the

execution debtor, the husband, J. H. Gray, filed a petition March 8, 1924, before another justice of said county asserting ownership of the automobile in himself. Upon an appeal from the judgment of the justice the case was tried in the circuit court, resulting in a verdict for the plaintiff fixing the value of the car as of March 8, 1924, at $328.98.

From the evidence it appears that by written contract dated April 28, 1923, the execution debtor, Clara Gray, purchased in her own name the automobile from Duquesne Sales Company at the price of $483.99, payable: $161.43 cash, and the balance of $322.56, evidenced by her note, in twelve equal monthly installments; legal title being retained by the vendor to secure the deferred payments. The car evidently was operated from the time of the purchase until the levy of the execution, February 20, 1924, under a license in her name. The basis of plaintiff's claim is that he authorized his wife to purchase the car and that she made payments on the purchase price thereof by checks drawn on funds deposited by him in bank to her credit for that purpose. She also undertakes to say that she bought the car for him. The nature of the claim upon which the Baking Company secured judgment against the wife is not disclosed. The statement, however, is made *de hors* the record that the debt was against both husband and wife, and that recovery against him was defeated by a plea of bankruptcy. The case not having been developed to the extent of showing the plaintiff's motive for vesting apparent title in his wife and yet claiming in a contest between her and her creditors that he was in fact the owner of the property, we cannot say whether or not this was a contrivance resorted to for the purpose of placing his property beyond the reach of his creditors. The case made out by the testimony for the plaintiff is, however, weak and unsatisfactory. Taking as true all he claims, the law presumes that whatever fund he may have deposited to the credit of his wife, to be applied by her on the purchase price of the automobile which she had purchased in her name, was a gift. Where a husband voluntarily transfers property to the wife, it will be presumed the transfer was a gift. Clear proof is

required in such case to establish a trust in his favor. *Effler v. Burns,* 70 W. Va. 415.

The following are assigned as grounds of error:

(1)   The granting of plaintiff's instruction No. 1;

(2)   The refusal of defendant's instruction No. 2 as offered, and the giving of the same after amendment by the court;

(3)   Insufficiency of the evidence to support the verdict.

Plaintiff's instruction No. 1 follows:

> "The jury are instructed that it devolves upon you to decide under the evidence in this case the right of J. H. Gray to interplead as to the ownership of the automobile in question on the 8th day of March, 1924; that if said automobile was paid for or partly paid for by money of the husband J. H. Gray, at and before said date, and was not a gift to the wife Clara Gray before the 8th day of March, 1924, then you should find for the petitioner J. H. Gray. And the jury are further instructed that the burden is upon the Sanitary Baking Company to show from all the evidence and circumstances of the case that said automobile was paid for by means not derived from the husband; or if it relies upon a gift from the husband to the wife the burden of proving the gift is likewise upon said Sanitary Baking Company and must appear from a preponderance of all the evidence and circumstances in the case."

This instruction displays egregious error. Assuming that the circumstances are such as to create a resulting trust in favor of the husband, upon the theory that he had paid all or part of the purchase price for the automobile, his interest in the machine would equal only that proportion of the cost which the amount paid by him bears to the entire purchase price. *Currence v. Ward,* 43 W. Va. 367.

The mere fact that the purchase money paid by the wife was obtained from the husband is not sufficient to establish an equity in his favor. In such case, as already shown, a gift is presumed. The burden, therefore, was upon him to prove his ownership of the automobile, and in doing so to show that the sums of money he claims to have furnished as payments on the purchase price of the car were not gifts to his wife.

Defendant's instruction No. 2, as offered, would have told the jury that it was incumbent upon the plaintiff to establish by a preponderance of the evidence every material issue in the case, and that if they believed the legal title to the automobile was in Duquesne Sales Company at the time of the levy. of the execution, or that the wife was the owner, they should find for the defendant. The court refused the instruction as offered, but over the objection of defendant modified and gave it, telling the jury that the burden of proof was on the plaintiff to prove by a preponderance of the evidence every material issue in the case, except as provided in plaintiff's instruction No. 1. If the plaintiff had made out a case of complete ownership, the instruction in its original form, saying that the retention of the legal title by the vendor barred the plaintiff's right of recovery, was improper. The instruction as amended and given is also erroneous, repeating in effect plaintiff's instruction No. 1.

The judgment of the circuit court will be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Reversed and remanded.*