# CHARLESTON.

T. J. DAYTON *v.* W. J. DAYTON

(No. 6710)

Submitted November 18, 1930.   Decided December 2, 1930.

*Wm. T. George,* for appellant.
*W. Merle Watkins,* for appellee.

LIVELY, PRESIDENT:

By a former decision (*Dayton* v. *Dayton,* 107 W. Va. 299), the plaintiff was awarded a divorce *a mensa* and the cause was remanded. Upon further proceedings, the chancellor awarded to plaintiff permanent alimony of $25.00 until further order of the court, but provided in the decree of award that a credit be allowed to defendant for $113.50, representing costs of the former appeal paid by him upon execution issued by plaintiff. Plaintiff appeals, charging that the alimony awarded is insufficient and that the court erred in allowing defendant credit for costs.

The divorce commissioner reported that the husband is the owner of bonds worth $1,000.00 and has $1,100.00 on savings deposit. His realty consisted of one building lot in Beaumont Addition worth $10.00, a double house and two lots, worth $1,600.00, and a half interest in the home place, which, since the institution of these proceedings, has been sold to the wife, together with a cow and household goods, for $1,800.00. Defendant's income consisting of his salary and rentals from the double house, amounts to $200.00 a month, while his monthly expenditures average about $100.00. According to defendant, during the period of cohabitation, he gave plaintiff about $50.00 a month. The wife sold chickens and dairy products, and out of the moneys she received therefrom and that paid her by her sons for board she accumulated a sufficient amount to purchase a lot for $300.00 and a half interest in an automobile which cost $1,000.00. It is not shown where she got the money with which to buy defendant's interest in the home place. Defendant states that his wife has an income, exclusive of alimony, of $8.00 a month for pasture rental and $120.00 a month for boarding her two sons and another person.

The amount of alimony decreed, which is always within the judicial discretion of the chancellor, should be in just proportion to the husband's earning capacity and income from accumulated property; and, ordinarily, the wife's estate and capacity to earn money, where the husband's income is ample

to make provisions for her, are not to be considered. *Kittle v. Kittle*, 86 W. Va. 46, 54. In the instant case, we are unable to say that the amount awarded is insufficient. There is no evidentiary data in the record which bespeak the wife's needs or monthly expenses, and so far as we can ascertain from the record, the sound discretion of the chancellor has not been abused. The decree provided that the monthly award be paid "until further order of the court." With this reservation of power, the chancellor is enabled to change the amount when circumstances and justice require. Counsel for appellant, in his brief, argues that "by the decree of divorce, the appellant will lose her inchoate right of dower in all the property owned by her husband." It is well settled in this jurisdiction that a court of equity, in pronouncing a divorce *a mensa*, cannot deprive the wife of her dower rights in her husband's estate. *Norman v. Norman*, 88 W. Va. 640. The decree in the instant case makes no attempt to do so. It provides merely for permanent alimony—maintenance out of the husband's income—and makes no adjudication concerning dower. Appellant cites *Sperry v. Sperry*, 80 W. Va. 142, in which case the court found the monthly installments inadequate and that "the decree took away from her (Mrs. Sperry) her dower." In that case, the decree itself provided "that the allowance for alimony and support are in lieu of and in stead of any and all right of dower." That is not the case under consideration.

The remaining point of error is that the court allowed a credit of $113.50 against the allowance of $25.00 per month of alimony. This point is closely allied with the question of the amount of alimony to be given to the wife, which, as above stated, is always in the sound discretion of the chancellor. It appears that when the wife was first refused a divorce *a mensa* she desired to appeal, and petitioned the chancellor for an allowance of money to prosecute her appeal, and was allowed $175.00 for that purpose, which the husband paid. She was successful in her appeal (*Dayton v. Dayton*, 107 W. Va. 299), and costs amounting to $113.50 were awarded against the husband in her favor in this Court, which sum she collected on execution when the case was remanded. The record in the former appeal did not disclose that she had in her hands the money to pay the costs of the appeal. By again collecting

$113.50 she received $288.50 or $113.50 more than the actual costs, which sum she had in her hands when the trial chancellor was called upon to consider the amount of alimony he should award her. By the decree, payment of the monthly allowance for alimony is deferred until the excess suit money in her hands is absorbed. That is the meaning of the decree, although in the first part of the decree it says that the allowance for alimony is subject to the *credit* of $113.50 thereinafter mentioned; but in the latter portion it is stated that the "said permanent alimony shall *begin* when said credit is fully paid." The whole decree, after giving the wife a divorce *a mensa*, deals with the amount of alimony, and the excess payment made by the husband for costs is but incidental to and affects the amount of alimony. In thus dealing with the double payment of suit money, the court applied equity and good conscience, and there was no error in so doing. The controlling question is the amount of alimony, which should be allowed, which has already been discussed; and finding no error therein, there being no evidential data in the record to show that the wife is entitled to a greater sum "until the further order of the court," on which we can see a clear abuse of discretion, the decree will be affirmed.

*Affirmed.*