FRANCES H. WATSON *v.* WILLIAM E. WATSON

(No. 7052)

Submitted March 30, 1932.   Decided April 5, 1932.

Rollo J. Conley, for appellant.
Victor H. Shaw, for appellee.

HATCHER, PRESIDENT:

In this suit a divorce was sought upon the grounds of habitual drunkenness, cruelty and adultery.   In a written opinion the circuit court found that all three charges were sustained.   A decree of absolute divorce was entered and the defendant directed to pay alimony at the rate of $250.00 a month.

The finding of adultery was based on evidence that the defendant visited a lady some four or five times at her apartment in the evening, remaining several hours each time.   The defendant and the lady frankly admitted the visits but denied any improper conduct.   It appeared that they had known each other for a number of years and were good friends, that the lady bore an excellent reputation, and that defendant was at the time partially estranged from his wife.   There is no evidence that he is of a lecherous disposition.   This is the second marriage of both plaintiff and defendant.   She admits that he paid court to her for several years before securing his divorce from his first wife.   Her counsel takes the position that there is not even a breath of suspicion

against her character. None is advanced. But if defendant's attention to plaintiff prior to his divorce reflected in no way on her, why not view the association of the corespondent and defendant with the same liberality? The most which should be said of their association is that they were indiscreet and their conduct was calculated to arouse suspicion. But we have repeatedly held that evidence which merely raised suspicion will not support a charge of adultery. *Huff* v. *Huff*, 73 W. Va. 330, 80 S. E. 846; *Nicely* v. *Nicely*, 81 W. Va. 269, 94 S. E. 749; *Schutte* v. *Schutte*, 90 W. Va. 787, 111 S. E. 840; *Murrin* v. *Murrin*, 94 W. Va. 605, 119 S. E. 812; *Edwards* v. *Edwards*, 106 W. Va. 446, 456, 145 S. E. 813; *Criser* v. *Criser*, 109 W. Va. 696, 156 S. E. 84; *Shook* v. *Shook*, (W. Va.) 161 S. E. 235, 237. We therefore hold this charge to be unsupported.

The plain preponderance of the evidence shows that the defendant is not an habitual drunkard; but it does appear that throughout the entire period covered by the evidence he has been addicted to the use of liquor and that sometimes he has drunk to excess.

The plaintiff testifies that when the defendant was drinking he was unreasonable and abusive of her, and that his conduct caused her extreme mental and nervous distress. Her testimony as to this effect on herself is not controverted. She is of a neurotic temperament, which seemingly caused her to magnify the defendant's insobriety. However, the circuit court found that his conduct toward her constituted cruel treatment under the statute, and her evidence (undisputed) sustains this finding. See *Horkheimer* v. *Horkheimer*, 106 W. Va. 634, 641, 146 S. E. 614; *Goff* v. *Goff*, 60 W. Va. 9, 53 S. E. 769.

The parties were married in 1922. The defendant was then prosperous with large interests in the coal business. For several years he expended money lavishly on the plaintiff and on her son by her first marriage. Defendant's investments are no longer profitable; his real estate is heavily encumbered; and he is without a salary. It may be mere coincidence, still we cannot but mark that the plaintiff's disinclination to endure longer the defendant's intemperance

coincided with the decline of his fortune. She married him for *worse* as well as *better*. She enjoyed his prosperity. She should now regulate her life to meet his adversity. Consequently, we reduce the alimony allowed her by the lower court to $100.00 a month, as of the date of this appeal, to continue until such time as the changed fortune of either of the parties makes a different sum proper.

The decree of the lower court granting plaintiff a divorce *a vinculo* is reversed, a decree *a mensa* will be awarded her here on the charge of cruelty, and the suit dismissed.

*Reversed and entered; suit dismissed.*