MAE MCCORMICK EDWARDS *v.* C. FRED EDWARDS

(No. 7213)

Submitted November 1, 1932.   Decided December 6, 1932.

*Russell S. Ritz,* and *T. Selden Jones,* for appellant.
*Scott, Graham & Wiswell,* for appellee.

LITZ, JUDGE:

This is a suit by a wife against her husband for separate maintenance.

The original bill, filed at May Rules, 1930, in the domestic relations court of Cabell county, alleges (among other things) that plaintiff is now living separate and apart from defendant, who refuses to live with her, or to provide for her in the manner to which she was accustomed prior to their separation, and prays that he be required to furnish her proper support. September 12, 1930, defendant filed his answer, in the nature of a cross-bill, denying that plaintiff had "ever in good faith" proposed to live with him since their separation, and praying for an absolute divorce from her on the ground of desertion. March 14, 1931, after hearing and considering testimony on the issues, the court entered an order awarding plaintiff $200.00 per month for maintenance pending the suit, and $250.00 court costs, the allowance for attorneys' fees being deferred until final hearing. Thereafter, she filed an amended and supplemental bill asking an accounting by defendant for rents collected by him from certain real estate in Detroit alleged to be owned jointly by them. In the final decree, a demurrer to the amended and supplemental bill was sustained and the same dismissed; the relief prayed for in the cross-bill was denied; and judgment rendered against defendant in the sum of $2,700.00 for money theretofore expended by plaintiff for her support in addition to the funds supplied by him for that purpose, of $250.00 per month thereafter for her maintenance, and of $750.00 as fees for attorneys prosecuting the case. She complains of alleged insufficiency of each allowance and dismissal of her amended and supplemental bill.

This cause is a sequel to a suit between the same parties (*Edwards* v. *Edwards,* 106 W. Va. 446, 145 S. E. 813), in which Mrs. Edwards sought a divorce and alimony on the grounds of cruelty, desertion and adultery. In his answer to the bill in that case he denied the charges of cruelty, desertion and certain of the alleged acts of adultery, and by way of a cross-bill charged her with adultery and prayed for an absolute divorce on that ground. The trial court, denying relief to defendant, granted plaintiff a temporary divorce and alimony, consisting of $15,000.00 in a lump sum, and $750.00 per month in the future. That ruling, upon appeal to this court, was reversed and the bill dismissed, notwithstanding the clearly proven adultery of defendant with Mrs. Esther Black (nee

Watson), on the ground that plaintiff was guilty of improper and inequitable conduct, insufficient to establish adultery, violative of her marriage vow.

Plaintiff testified in this case that she and defendant have lived apart since April, 1926, because of his continuous adulterous relations with Mrs. Black; that since the termination of the former suit, she has frequently offered to live with him but as often has been rejected; that she has made her home in Huntington with Mrs. E. E. Williams since the latter part of 1927; that since December, 1928, defendant has given her $150.00 or $200.00 per month, but that she has been compelled to borrow from friends additional sums amounting to $4,200.00 for her maintenance during that period; that prior to their separation, defendant advanced her $1,500.00 monthly for personal expenses, provided her with a Pierce Arrow automobile, and permitted her to maintain charge accounts at leading department stores throughout the country; that he maintained a summer home in New Hampshire, which he still owns, costing him $100,000.00; that he owns and operates mattress factories in different parts of the United States, which have been increased from twelve to twenty since 1926, earning a net profit of $125,000.00 from the business in 1922; that he collects an annual rental of $8,500.00 from a building he owns in Huntington; that she and he own jointly real estate in the city of Detroit, from which he received a monthly rental of $400.00 in 1926. Mrs. Black, called by plaintiff, testified that she frequently cohabits with defendant as his wife; that he gives her $100.00 or $200.00 per month, accompanies her on frequent automobile trips, often visits and dines with her at her home she maintains in Huntington; and that she has an income from her grandfather's estate, but refuses to tell the amount. Mrs. Williams testified that plaintiff owes her a balance of $2,000.00 for household expenses. Myrtle Smith, a colored maid, called by plaintiff, stated that during her service of four years with Mrs. Black, she cashed checks for her mistress at the Twentieth Street Bank in Huntington amounting to $600.00 monthly. R. W. Cunningham, a teller in the Twentieth Street Bank, testifying in behalf of plaintiff, stated that for three or four years he has cashed an average of one check a month for $250.00 to $325.00, payable to Esther

Watson and signed by Edwards. Grover F. Kuhn, also a teller in the bank, testifying in behalf of plaintiff, stated that for more than two years he has cashed approximately one check a month (the last one being for $250.00) payable to Esther Watson and signed by Edwards, and presented for payment by her maid. Defendant, called by plaintiff, denied that she owns with him certain real estate in Detroit, or that he had known of the deed, then exhibited to him, conveying the property to them jointly.

Defendant, testifying in his own behalf, stated that he owns all of the stock, except qualifying shares, in sixteen corporations, and eighty per cent of the stock in two corporations, operating mattress factories, six of which own their factory sites, costing approximately $127,000.00 and encumbered by liens amounting to about $61,000.00; that the business of the companies, whose total indebtedness he estimated to be from $300,000.00 to $400,000.00, has been unprofitable for the last three years, resulting in a loss of $72,299.91 in 1930; and that he receives an annual rental, payable in monthly installments, of $8,500.00 from his building in Huntington, which sums are collected by the First Huntington National Bank to guarantee a ''floating loan'' advanced by the bank to his companies. On cross-examination, he admitted that he has been expanding his business since 1926, and that his net income for 1930 was $8,371.50. The evidence of his worth, as will be observed, is indefinite and uncertain; and for this reason, plaintiff moved the trial court to refer the cause to a commissioner for the purpose of ascertaining and reporting the fact, but the motion was refused.

According to the uncontroverted evidence, plaintiff has, since her separation from defendant, lived an exemplary life.

While the appellate court will not ordinarily reverse the judgment of the trial chancellor determining the amount of separate maintenance for a wife, we are of opinion that the evidence in this case justifies an increase in the sum fixed to at least $350.00 per month, and that plaintiff should recover of defendant the full amount of $4,200.00 expended by her for her maintenance in addition to the funds furnished her by him for that purpose. Considering also the character and ex-

tent of the services rendered by her counsel in the litigation, we think they should be allowed a fee of $2,000.00.

The decree complained of will, therefore, be reversed; judgment entered here for the $4,200.00 expended by her for her maintenance, in addition to the funds furnished by defendant, and $2,000.00 attorneys' fees; and the cause remanded for adjustment of the allowance for maintenance at the rate of $350.00 per month beginning April 28, 1930, the date of the suit, subject to the sums he has paid her for maintenance since that time.

*Reversed; entered in part; remanded.*