FRANCES H. WATSON *v.* WILLIAM E. WATSON

(No. 7493)

Submitted January 17, 1933. Decided January 24, 1933.

*Rollo J. Conley,* for appellant.
*Victor H. Shaw,* for appellee.

HATCHER, JUDGE:

The parties hereto have been divorced *a mensa.* See *Watson* v. *Watson,* 112 W. Va. 77, 163 S. E. 768. In the instant proceeding the husband seeks the reduction of the monthly sum of $100.00 decreed the wife as alimony (in April 1932), and also the return of certain of his gifts to her. The circuit court denied both requests and this appeal followed.

In fixing the amount of the monthly payment, we took into consideration an inventory of the husband's property which he made some two years ago, showing an estimated worth of about $50,000 above his indebtedness. Since then, a material part of his estate has become worthless and the value of the remainder has shrunk until at present it is nominal. He derives no income personally from any of his property, is seemingly unable to obtain any further advances thereon, is out of work and has been unable to secure employment. Counsel for the wife admitted in argument before this Court that he knew of no property of the husband upon which anything could be realized at present. Counsel insisted that the wife should be maintained nevertheless ''according to her station in life.'' Admittedly sound, where within reason; but that station is to be measured by the privation of the present and not by the affluence of the past.

Alimony has been defined as ''an allowance for the nourishment of the wife, resting in discretion, variable and revocable.'' *Campbell* v. *Campbell,* 37 Wis. 206, 216. An essential basis of alimony is ability of the husband to pay. *Reynolds* v. *Reynolds,* 68 W. Va. 15, 24, 69 S. E. 381. *Kittle* v. *Kittle,*

86 W. Va. 46, 54-5, 102 S. E. 799 Keezer, Marriage and Divorce (2nd Ed.), sec. 696; 2 Bishop on marriage and Divorce, sec. 931; 19 C. J., subject Divorce, sec. 518. The husband here is clearly unable to pay the $100.00 a month and refusal to give him further relief is unjustified. The law recognizes no alchemy for the transmutation of barren investments into gold. *Lex non cogit ad impossibilia.* (The law does not compel the impossible.) Broom's Legal Maxims (9th Ed.) 171. The award of any alimony against him is predicated largely on the expectation of improvement in his fortunes. Consequently, we are of opinion that the alimony should be reduced to $50.00 a month, subject to such further modification as future circumstances may warrant.

The demand of the husband for the return of certain gifts is based on a former order of the circuit court as follows: "That all gifts and alleged gifts of personal property from the defendant to the plaintiff, not evidenced by deed or will, possession whereof was delivered to her by him at their place of residence, shall be deemed void, and the defendant allowed to retain or reclaim any such property." The articles demanded are five pieces of personal jewelry, a silver platter, a dresser set and a cedar chest and contents. The circuit court stated that none of these articles were claimed by the defendant in his deposition and that the order was not meant to include them. Under the circumstances, we are of opinion that the circuit court should be permitted to construe its own order, and will not disturb its ruling thereon.

Complaint is made of a counsel fee allowed the wife. But that allowance was subsequent to the order appealed from and is not properly before this court.

Consequently the ruling of the lower court is affirmed in part, reversed in part and remanded.

*Affirmed in part; reversed in part; remanded.*