ELOISE QUEEN *v.* APP QUEEN

(No. 8237)

Submitted November 20, 1935.  Decided December 3, 1935.

W. *Earl Burgess,* for appellant.
W. *T. Lovins* and *E. J. Wilcox,* for appellee.

LITZ, PRESIDENT:

This appeal, on behalf of the wife, involves the sufficiency of an allowance of alimony.

Plaintiff was granted a divorce *a mensa et thoro* from defendant and two dollars a week alimony.  She contends that the allowance is insufficient.

The parties were married March 2, 1931, and lived together, a year or more, as man and wife.  In April, 1933, defendant went to Reno, Nevada, for the purpose of obtaining a divorce, but before he had acquired the necessary residence in Nevada, she instituted this suit.  He has four children by a former marriage, two of whom, aged nine years and seven years, respectively, are dependent.  Defendant is employed at a

salary of $120.00 a month as chief deputy county clerk of the county court of Wayne County. He also has an interest in 148 acres of farming land in Wayne County, which he owned in fee at the time of his marriage to her. Plaintiff claims that she was induced by misrepresentations on the part of defendant to join with him in a deed (of doubtful construction) purporting to vest in him a life estate in the property and the remainder therein in his children. She has no means of support.

The defendant has moved to dismiss the appeal as improvidently awarded on the ground that the application therefor was not presented within eight months from the time the decree was "rendered or made," in contemplation of section 4, article 5, chapter 58, Code 1931.

The original of the decree, appealed from, is dated July 15, 1933. It is indorsed, without date, by the judge and was entered June 1, 1934. The judge, by certificate, signed November 4, 1935, certifies that the decree was "made and rendered" in the year 1933, and that a decree of divorce may not be entered under the rules of practice in his court until the costs of the suit have been paid. The defendant contends that the words "rendered" and "made," as used in the statute, are synonymous with the word pronounced, and that the statute of limitations, prescribing the time within which an application for an appeal or writ of error may be presented, runs from the pronouncement of the judgment or decree and not from the entry thereof. This position is untenable.

I. A judgment or decree is not appealable until after its entry. Code, 58-5-6; *Steenrod* v. *W. P. & B. R. R. Co.*, 25 W. Va. 133, 135; *Cresap* v. *Cresap*, 54 W. Va. 581, 583, 46 S. E. 582; *Coltrane* v. *Gill*, 99 W. Va. 447, 129 S. E. 469.

II. This Court has frequently treated and interpreted the words, "rendered" and "made," as used in the statute, in the sense of *entered*. *Tiernan* v. *Minghini*, 28 W. Va. 314, 318; *Bank* v. *Wilson*, 35 W. Va. 36, 38, 13 S. E. 58; *Stout* v. *Philippi M. & M. Co.*, 41 W. Va. 339, 343, 23 S. E. 571; *Bank* v. *Bank*, 114 W. Va. 839, 174 S. E. 421; *Dwight* v. *Hazlett*, 107 W. Va. 192, 201, 147 S. E. 877, 66 A. L. R. 102.

652

"It is believed to be the universal practice to state in the petition the day on which the decree or judgment was made or entered, as the date of such decree or judgment. Such seems to be the construction upon the statute by the bar. No appeal from a decree, or writ of error can be allowed; or correction thereof made under chapter 134 of the Code, until the same be entered on the record of the court. Certainly no execution can be issued thereon until the record thereof be made and signed by the judge. The execution must follow the judgment and be supported by it. * * * It is a part, and continuation of the record * * *." *Cresap* v. *Cresap*, cited.

From a consideration of the record, we are of opinion that the allowance of alimony is inadequate. While the amount of alimony rests largely in the discretion of the chancellor, it must be reasonable and just in view of the facts and circumstances of the case. *Edwards* v. *Edwards*, 113 W. Va. 156, 167 S. E. 97; *Watson* v. *Watson*, 113 W. Va. 267, 168 S. E. 373; 19 C. J. 206.

The decree, in the particular complained of, is reversed and the cause remanded to the circuit court with instructions to grant the plaintiff a fair and reasonable amount of alimony.

*Reversed and remanded.*