BERTHA E. TRESSLER *v.* SHRIVER B. TRESSLER

(No. 8444)

Submitted February 2, 1937. Decided February 9, 1937.

*E. Wayne Talbott*, for appellant.

*Wm. T. George, Jr.*, and *Richard Lee Waddell*, for appellee.

Fox, Judge:

On October 12, 1932, in a chancery cause, then pending in the Circuit Court of Barbour County, in which Bertha E. Tressler was plaintiff and Shriver B. Tressler the sole defendant, a decree was entered awarding to the plaintiff a divorce from bed and board. By this decree, an allowance was made to the plaintiff, in the nature of alimony, but in fact covering the support of the children of the Tresslers, in the sum of $75.00 per month. Following this decree, Bertha E. Tressler and her children occupied a house then owned by Shriver B. Tressler, for which heat and light were furnished, all free of rent, which occupancy continued until the date of the hearing in the present proceeding; but this house was purchased by one John Herron, in August, 1935, and the petitioner herein says that while she has not paid any rent to said Herron, she has no assurance that she will be permitted to occupy the same without rent in the future.

In November, 1935, Bertha E. Tressler filed her petition in said cause asking for an increase of the allowance aforesaid to $150.00 per month, basing her claim for such increase upon the allegations that the building

she has been occupying has been sold, and was no longer furnished her free of rent; that she was unable to provide for herself and children on an allowance of $75.00 per month; that defendant had been making large sums of money and living in an extravagant manner; and that he was able to pay her the additional allowance asked for. The defendant filed a paper, which he termed an answer and cross-petition, asking for a reduction in the allowance provided in the former decree to $40.00 per month, and setting up grounds which he contended would justify such reduction. Testimony was taken on the petition and the answer and cross-petition, and on March 12, 1936, the court below entered a decree increasing the allowance to the petitioner to $110.00 per month, giving as his reason for such increase, as shown by the decree, that the defendant was no longer furnishing a residence, light and fuel for the petitioner, but providing that should the defendant furnish the petitioner the residence which she was then occupying without rent and furnish her light and heat for the same, the increased allowance should not take effect, but that the original allowance of $75.00 per month should continue. The decree denied the prayer of the defendant for a reduction of the allowance, decreed costs against him, including the transcribing of the evidence taken before the court, and a fee of $50.00 to the attorneys for the petitioner. From this decree, the defendant appeals.

The principal question in this case concerns the ability of the defendant to pay the allowance decreed by the court. The legal principles involved are well settled by numerous decisions of this Court. As a general rule, the basis of all decrees for alimony is the income of the husband, and the amount decreed should be in some just proportion to his ability to earn money, or, as the facts may be, his income from any business in which he may be interested or from investments; and, such alimony should be sufficient to enable the wife to maintain herself comfortably in her station in life. *Reynolds* v. *Reynolds*, 68 W. Va. 15, 69 S. E. 381; *Henrie* v. *Henrie*, 71 W. Va. 131, 76 S. E. 837; *Reynolds* v. *Reynolds*, 72 W. Va. 349, 78 S.

E. 360; *Kittle* v. *Kittle,* 86 W. Va. 46, 102 S. E. 799; *Norman* v. *Norman,* 88 W. Va. 640, 107 S. E. 407; *Hale* v. *Hale,* 108 W. Va. 337, 150 S. E. 748; *Dayton* v. *Dayton,* 109 W. Va. 759, 156 S. E. 105; *Watson* v. *Watson,* 113 W. Va. 267, 168 S. E. 373; *Miller* v. *Miller,* 114 W. Va. 600, 172 S. E. 893; *Queen* v. *Queen,* 116 W. Va. 650, 182 S. E. 783; Chapter 27, Acts of the Legislature, Regular Session 1933. The fact that the support of defendant's children is involved in the allowance under consideration should, of course, be taken into consideration; but in no event can the defendant be placed under a burden beyond his ability to carry.

The evidence shows that the defendant, Shriver B. Tressler, is employed as general manager of the Tressler Coal Mining Company at a salary of $100.00 per month; he owns twenty-nine per cent interest in the coal company, but the enterprise is not a profitable one and he derives no income from the ownership of such interest. At one time for a period of four months ending with April, 1935, he was given an allowance of $500.00 per month for traveling expenses in addition to his salary, but at the time of the hearing, and for some six months prior thereto, that allowance had been reduced to $150.-00 per month. Defendant stated that this allowance was used for traveling expenses in connection with the business of the coal company, and there is nothing in the record contradicting this statement. The allowance of $500.00 per month appears to have been extravagant, and if the same had been continued would have called for some investigation as to whether or not the same was intended to cover up or conceal the actual salary paid, and the allowance for expenses, even at the reduced rate, may call for further explanation, should the application for an increased allowance be renewed on the part of the petitioner in this proceeding, by reason of the fact that there is no detailed or satisfactory explanation of the expenditure of this allowance now before us. However, the $500.00 monthly allowance cannot be considered at this time, first, because it is shown to have been reduced to $150.00, and, second, we are called upon to deal with

the situation as presently presented and with the future. But even if the defendant was, in some measure, using the travel allowance for his own support, the same, as reduced, would not, in our opinion, warrant the increased allowance decreed by the court below. From the very nature of his business, he must have used all or a substantial part of the $150.00 allowance for expenses of travel on company business, and he states that he did so. The allowance made at the time of the decree of divorce in 1932, when the children were three years younger than at the time of the hearing in this case, and when the defendant was receiving a salary of $200.00 per month, was no doubt considered reasonable by the court and seems to us to have been reasonable. Nothing in that decree referred to the occupancy of the house or the furnishing of heat or light, and, so far as disclosed by the record, was not taken into consideration by the court in fixing the allowance then made. To increase this allowance when some of the children have reached the age where they can more easily provide for themselves, and where there is no showing of any increased burdens on the wife, other than the developments with respect to the house occupied by her and the heating and lighting of the same, seems to us to have been unwarranted. On the other hand, the action of the court refusing to reduce the allowance, taking into consideration the obligation of the defendant to provide for his children, was justified.

It follows that the decree of the Circuit Court of Barbour County, in so far as it refused to reduce the allowance to be paid Bertha E. Tressler, as fixed by the decree of October 12, 1932, and in so far as it awards costs against the defendant in the court below, including the allowance of $50.00 to attorneys, is affirmed; but in so far as such decree increases the monthly allowance to be paid by the defendant from $75.00 to $110.00, the same is, reversed, and the original allowance of $75.00 will stand until further order of the court having this matter in charge. This ruling does not, of course, prejudice the right of either party to this controversy to

further petition the circuit court for any increase or reduction of the allowance now held to be in effect.

*Affirmed in part; reversed in part; remanded.*