# CHARLESTON.

FLORENCE B. WHITE *v.* CLARENCE S. WHITE

(No. C. C. 415)

Submitted January 9, 1929.   Decided January 15, 1929.

*Dayton R. Stemple* and *D. D. Stemple,* for plaintiff.
*Ware & Ware,* for defendant.

LIVELY, JUDGE:

The question certified for review and decision is, whether a circuit court has jurisdiction of a suit for divorce by a plaintiff who is not an actual *bona fide* citizen of the state, and has not resided in the state for at least one year immediately preceding the institution of the suit. The circuit court took jurisdiction, holding that inasmuch as the defendant had long been a resident of the county in which the suit was brought, for more than a year, plaintiff could sue for divorce, although she had not been an actual *bona fide* resident of the state, and had not resided in the state for a year immediately preceding the filing of the bill. The statute,

section 7, Chapter 64, Code, says: "And in no case shall a suit for divorce be maintainable unless the plaintiff be an actual *bona fide* citizen of this state and shall have resided in the state for at least one year immediately preceding the bringing of the suit." The bill as amended contained allegations of all facts essential to the court's jurisdiction of the suit; but defendant filed a plea under oath to the effect that plaintiff had not been a *bona fide* citizen of the state for more than a year next preceding the bringing of the suit, and that in February, 1927, she removed from this state to Pennsylvania where she became a resident and citizen, until August, 1927, when she returned to this state where she has since resided until the bringing of this suit at March Rules, 1928. Upon the coming in of this plea, plaintiff admitted on the record that the plea was true, thus obviating proof to sustain it; and the court held that the plea did not defeat jurisdiction, holding that the statute above quoted was not intended to apply to a case like this; and that the statute must be given a reasonable construction according to its spirit and intention thus avoiding absurd or mischievous consequences, if the strict letter of the law be followed. Lewis' Sutherland Stat. Const. (2nd ed.) Vol. 2, secs. 488 and 489; Black on Interpretation of Laws (2nd ed.) 66; and *People* v. *City of Chicago*, 38 N. E. 744, are cited to 'sustain the court's ruling.

The courts of equity have jurisdiction to entertain divorce cases only by reason of the statute conferring that jurisdiction. Such cases do not fall within their general equitable powers. They are governed by the statute as to jurisdictional facts, and it is well within legislative power to throw strict safeguards around judicial severance of the marriage contract. Under the interpretation of the statute, (and it is not ambiguous) the trial court has construed its intent and purpose to be what the former statute meant. Said section 7, Chapter 64, formerly read: "No such suit shall be maintainable, unless the parties, or one of them, shall have resided in the state one year next preceding the time of the bringing of such suit." That former statute would have given jurisdiction in the case under consideration, for one of the parties here, the defendant, had been a citizen of and a resident in

the state for more than one year immediately preceding the bringing of the suit. But now, the statute makes jurisdiction depend, not upon the status of defendant, but upon that of plaintiff. . What purpose had the Legislature in changing the statute? It is not material to inquire, for the language of the present statute is so clear and plain that it needs no construction; and to construe the language to not apply to the facts in the instant case would simply reinstate the old statute and emasculate the present one. The amendment and re-enactment would mean nothing. By the change in the section it is reasonably clear that the former provision giving jurisdiction where one of the parties had been an actual resident and *bona fide* citizen of the state (the case here) was not satisfactory. By clear, unequivocal, and exact language the Legislature has required jurisdiction to depend on the residence and citizenship of the plaintiff. It is a well established rule of construction that it is not permitted to interpret that which needs no interpretation. *Price* v. *Harrison,* 31 Gratt. 114; *Kelley* v. *Bowman,* 68 W. Va. 49; Lewis' Sutherland Stat. Const., sec. 367. Divorce statutes generally require that the party seeking the divorce must have resided in the state for a certain time, and such provisions are always held to be mandatory, at least research has failed to find any authority to the contrary. 9 R. C. L. 402, sec. 198. Defendant's counsel has cited many state decisions which hold that the statutes requiring residency of the plaintiff to be in the state for a certain time are mandatory, and cannot be waived by the parties in order to confer jurisdiction. They can be found in the reference in R. C. L. above cited.

In view of the clear purpose of the change in the statute requiring the plaintiff to be a citizen of, and reside in the state for one year, at least, prior to the institution of the suit, the statute before the amendment, and in view of the well settled rules of construction, we hold that the plea was sufficient to preclude jurisdiction to entertain plaintiff's suit. It is argued that to require the plaintiff in this case and cases of like facts to live in the state and be a *bona fide* resident for one year before her suit for divorce could be maintained would place an unconscionable burden upon her,

if she was by force of circumstances compelled by her husband to flee to her relatives in another state for comfort and support. That would depend on her, for she would not necessarily acquire residence in that other state unless it was her intention to do so. The plaintiff here, admits the truth of the plea in abatement. Besides there is nothing to prevent her from maintaining suit for support, and she is not bound to rely upon her relatives if her husband is able to furnish means for her support. *Hale* v. *Hale*, 104 W. Va. 254. But in order to give jurisdiction to the courts of this state to decree a divorce, the statute makes residence and citizenship in the state on the part of plaintiff a mandatory prerequisite. As to the meaning of the word "citizen" in this statute, see *Vachikinas* v. *Vachikinas*, 91 W. Va. 181. The ruling of the trial court is reversed.

*Reversed.*