# CHARLESTON.

ISRAEL COFFMAN *v.* AGNES COFFMAN

(No. 6470)

Submitted November 19, 1929.   Decided December 3, 1929.

*C. O. Strieby,* for appellant.
*E. L. Maxwell,* for appellee.

MAXWELL, JUDGE:

This is a suit for partition of 104½ acres of land in Randolph county.   The prayer of the bill is that the land be

divided in the same proportion as the purchase money was contributed by the plaintiff and defendant, respectively. The trial chancellor found that each of the parties was an owner of an undivided one-half interest in the land and appointed commissioners to divide the same on that basis. From that decree plaintiff prosecutes this appeal.

The land was conveyed to the parties by deed dated March 20, 1916. At that time they were husband and wife and continued so to live until they were divorced by a decree of the circuit court of Randolph county in June, 1927. No attempt was made to settle the property rights of the parties by the divorce decree. The consideration paid for the land as recited in the deed was $2,100.00. The amount paid by each is in controversy. The trial chancellor found that the plaintiff paid $1,650.00 and the defendant $500.00. As to the use to which the land was to be put after purchase, there is likewise a conflict. Plaintiff contends it was purely for speculation; defendant says it was for a homestead.

The question for determination is as to the interest each of the parties took by the purchase. Plaintiff's contention is as voiced in the prayer of the bill to which reference has already been made. Defendant argues that by the terms of the deed each shares equally in the ownership. We are faced with two presumptions which are controlling of the issue, in the absence of satisfactory proof overcoming them. The first is that when a conveyance is made to two grantees jointly they are presumed to share equally in the property unless something appears to the contrary in the grant itself. *Irwin* v. *Stover,* 67 W. Va. 356, 364; *Jarrett* v. *Johnson,* 11 Gratt. 327. The present deed is made to Israel Coffman and Agnes Coffman, with nothing said as to the interest each is to take. The trial chancellor has found that the evidence adduced by the plaintiff does not overcome the presumption which the language of the deed creates, and it is our duty to follow that finding of fact where it does not appear to be against the plain preponderance of the evidence. *Kincaid* v. *Evans,* 106 W. Va. 605, and cases there cited. The second presumption is that where a husband purchases property and causes title for the whole or a part thereof to be placed in his wife, it is

presumed to be a gift to her. *Effler* v. *Burns*, 70 W. Va. 415. Granting that the plaintiff paid considerable more than the defendant of the purchase money, this presumption is, nevertheless, controlling in the absence of clear evidence that the plaintiff did not intend the extra amount paid by him to be a gift to his wife. Again we say the finding of the trial chancellor on the facts here involved must be controlling, as it is plainly not contrary to a clear preponderance of the evidence.

In argument it was urged on behalf of the plaintiff that the parties were partners in this property, and it was insisted that such relationship should be taken as the basis of the settlement of the property rights here involved. This was not pleaded. The bill is for partition of land and not for settlement of a partnership.

It follows that the decree of the trial court must be affirmed.

*Affirmed.*