# CHARLESTON.

LUCILLE DOROTHY PARKS *v.* WILLIAM T. PARKS

(No. 6618)

Submitted April 29, 1930.  Decided May 6, 1930.

*McDougle & McDougle* and *R. E. Bills*, for appellant.
*R. S. Blair*, for appellee.

LITZ, JUDGE:

This suit was instituted April 27, 1928, by Lucille Dorothy Parks (appellant) against her husband, William T. Parks, for divorce from bed and board, alimony, and the custody of, and support for, their two infant children, on the grounds of cruelty and desertion.

The bill alleges that since the marriage between the parties, August 9, 1924, the plaintiff "has moved from place to place, staying at no place very long at a time; and that for the last year just preceding the institution of this suit, she has *resided* in Ritchie County, West Virginia, and most of the time at Cairo in said county." The answer of the defendant, in the nature of a cross-bill, denies the charges of cruelty and desertion contained in the bill; admits "that for the last year before the institution of this suit the plaintiff has resided in Ritchie County, and that for a good part of the last year they have resided in the town of Cairo in said county"; and avers cruelty and desertion on the part of the plaintiff. The cross-bill answer prays "that the plaintiff may be denied a divorce, on the prayer of her bill, from bed and board, and that he (defendant) may be decreed a divorce from the plaintiff from bed and board, and that he may be given the care and custody of the two children, subject to such conditions and restrictions governing their care and custody as the court in its wisdom may see fit to impose, * * * and that he may have all such other and further relief in the premises as to equity may seem meet and the nature of the case may require." An order was entered October 27, 1928, referring the cause to a commissioner in chancery to hear evidence on the issues and report his findings of fact. The defendant having presented the tes-

timony of himself and others, and the plaintiff failing to offer proof, the commissioner made up and filed his report recommending that the defendant be granted "the relief prayed for in his cross-bill answer," including the custody of the children, "if he can show that he has a good home for them"; the commissioner being of the opinion that the mother is not a fit person for the trust. A decree was entered on this report, March 12, 1929, dissolving the marriage, granting the custody of the children to the defendant, and denying alimony to the plaintiff.

It is charged, as the first of several assignments of error, that jurisdiction is neither alleged nor proven. No other jurisdictional facts than those already quoted appear in the bill or cross-bill answer, and evidence of any jurisdictional facts is wholly wanting. The statute, prior to 1915 (Code 1913, c. 64, § 7), provided: "The circuit court on the chancery side thereof shall have jurisdiction of suits for annulling or affirming marriages, or for divorces. No such suit shall be maintainable, unless the parties, or one of them, shall have resided in the State one year next preceding the time of bringing such suit. The suit shall be brought in the county in which the parties last cohabitated, or (at the option of the plaintiff) in the county in which the defendant resides, if a resident of this State; but if not, then in the county in which the plaintiff resides." By chapter 73, Acts 1915, the law was changed to read: "The circuit court, on the chancery side thereof, shall have jurisdiction of suits for annulling or affirming marriages, or for divorces. If the marriage was not performed in the United States of America, no such suit shall be maintainable unless the plaintiff is a citizen of the United States, or the cause of action arose within the United States; and in no case shall a suit for divorce be maintainable unless the plaintiff be an *actual bona fide citizen* of this state, and shall have resided in the state for at least one year immediately preceding the bringing of the suit. The suit shall be brought in the county in which the parties last cohabitated, or (at the option of the plaintiff) in the county in which the defendant resides, if a resident of this state; but if not, then in the county in which the plaintiff resides." The amendment thus adds two important requirements, affecting all divorce suits: (1) That the

plaintiff shall be an *actual bona fide citizen* of this state, and (2) shall have resided therein for at least one year immediately preceding the bringing of the suit. "The courts of equity have jurisdiction to entertain divorce cases only by reason of the statute conferring that jurisdiction. Such cases do not fall within their general equitable powers. They are governed by the statute as to jurisdictional facts, and it is well within legislative power to throw strict safeguards around judicial severance of the marriage contract. * * * By clear, unequivocal, and exact language the Legislature has required jurisdiction to depend on the residence and citizenship of the plaintiff." *White* v. *White,* 106 W. Va. 569, 146 S. E. 376, 377. "Where the allegations of a bill in a divorce suit are sufficient to show prima facie jurisdiction, the rulings of the lower court upon facts offered to prove the allegations are, at most, only erroneous, * * * but where * * * the allegation of essential jurisdictional facts is omitted, the lower court is wholly without jurisdiction in the cause." *Jennings* v. *McDougle, Judge,* 83 W. Va. 186, 98 S. E. 162. A writ of prohibition was awarded against the trial court in that case because the suit, against a resident defendant, had been brought in a county other than that in which he resided, and the bill failed to allege that the parties last cohabited in the county in which jurisdiction had been assumed. In construing the word "citizen," as used in the present divorce statute, JUDGE MILLER, speaking for the court, in *Vachikinas* v. *Vachikinas,* 91 W. Va. 181, 112 S. E. 316, 318, said: "We think the word citizen in this statute as amended should be construed to include bona fide residents domiciled in the State." Point 2 of the syllabus of the case holds: "One who has resided and been bona fide domiciled in this state for the requisite period * * * may maintain a suit for divorce in the circuit court of the county of his residence and domicile."

The bill failing to allege that the plaintiff is a domiciled resident of the state, as required by the statute, the decree of the circuit court will be reversed, and the case remanded.

*Reversed and remanded.*