# CHARLESTON.

ROBERT M. BOYD *v.* STELLA C. BOYD

(No. 6730)

Submitted September 30, 1930.   Decided December 9, 1930.

*John B. Wilson* and *O'Brien & O'Brien,* for appellant.
*David A. McKee,* for appellee.

LITZ, JUDGE:

This is a suit by a husband against his wife to establish, in his favor, an alleged parol trust in real estate standing in her name.   She has appealed from a decree of the circuit court adjudging him to be the equitable owner of the property, and requiring her to convey to him the legal title.

Plaintiff, in his bill, alleges that he purchased of Lavenia A. Simms and husband, February 5, 1913, a lot of land in the town of Patterson, Ohio County, West Virginia, for the sum of $1785.00, payable upon terms; that he having paid the purchase price in full, the vendors conveyed the property to him and his wife (Stella C. Boyd) jointly, pursuant to an understanding between himself and her that she would hold the legal title for his benefit; that he later conveyed to her (through an

intermediary) the complete legal title to the lot with like understanding; that in April, 1922, he sold the property and shortly thereafter purchased of J. A. Schuetz at the price of $5250.00 another lot of land in the town of Patterson, which was conveyed to his wife as the result of a similar understanding.

The answer of the defendant denies each of the alleged trust understandings, and avers that she paid for the Simms property with money saved from funds furnished her by him for the support of the family by economically managing the household affairs and performing the domestic services; that she sold this lot for $4,000.00 and deposited the proceeds in the bank to her credit; that she then leased the Schuetz property, as a home, and later purchased it for $5250.00, which she paid with the rents from the property and the proceeds of the sale of the Simms lot.

The plaintiff testifies in accordance with the allegations of his bill, but offers no corroborative proof of the alleged trust agreement between himself and his wife relating to the joint conveyance to them of the Simms property. He does say that he sought the advice of his brother, Peter Boyd, as to how the property should be conveyed. Peter Boyd testified, in substance, that he advised Robert to have the property conveyed to himself and his wife jointly in order to protect the survivor upon the death of the other, with an understanding between them that the property could not be transferred by her without his consent. In the language of the witness: "I suggested the deeds be made out jointly, that he was married, and naturally the proper system would be to make it jointly to him and his wife, that by so doing both of them would be protected in the event of the death of either one of them, that then the property usually reverted to the other one, and there would be less legal entanglements, and so forth. I based my opinion just simply on the experience I had had in the courts in the way of handling cases of property that came up in the court, and it wasn't given in any way as a legal advisor, in that capacity, but simply as one brother to another. * * * At that time they were living together harmoniously, so far as I know, and I thought I was giving him advice for the protection of both of them." John T. Carter, a bank cashier, testified that

plaintiff told him in the presence of defendant, at the time of the conveyance to her of the complete legal title to the Simms property, that the transfer was being made to protect the property from damage suits which might be brought against him as an officer of a labor union. The witness further stated: "I remember that he (Boyd) said it (the property) was put over in trust like to protect him." The statement of the witness that the property was "put over in trust like" is evidently a mere conclusion by him from the motive prompting the conveyance, and not that Boyd had said the conveyance was being made pursuant to an agreement between himself and his wife that she would hold the property in trust for him. J. A. Schuetz, testifying on behalf of plaintiff, stated that George H. Grodhaus (another banker) who prepared the deed for the Schuetz lot, inquired of Boyd, before writing the instrument, the name of the grantee, and that Boyd replied in the presence of his wife that because of the possibility of his being sued as an officer of a labor union, he and she had agreed that the property should be conveyed to her. Although this witness clearly indicates his bias in favor of the plaintiff, he does not claim that any sort of trust understanding between Robert Boyd and his wife was mentioned. His testimony goes no further than the alleged motive for the conveyance to her.

The defendant's testimony fully affirms the averments of her answer. It is not denied that her work and management contributed materially to the consideration paid for the two properties, nor that the proceeds from the sale of the first were deposited in the bank to her credit. Moreover, there is no allegation in the bill that this deposit was made in her name for the benefit of the plaintiff. Viewing the evidence as a whole, and especially the testimony of the plaintiff's brother, Peter Boyd, we are of opinion that the defendant is entitled to one-half of the Schuetz lot. The burden was upon the plaintiff to establish the alleged trust agreements by full, clear and convincing proof. *Effler v. Burns,* 70 W. Va. 415; 13 R. C. L. 1390. The decree will therefore be modified by requiring her to convey to the plaintiff only an undivided one-half interest in this property.

*Modified and affirmed.*