J. S. Spencer *v.* Samuel Williams

(No. 7527)

Submitted May 11, 1933.   Decided May 30, 1933.

*B. H. Blagg* and *Somerville & Somerville,* and *Poffenbarger
& Poffenbarger,* for appellant.
*T. C. Townsend,* for appellee.

Maxwell, President:

In this proceeding in chancery, J. S. Spencer seeks to establish a lien against certain real estate of Samuel Williams. Plaintiff appeals from decree sustaining demurrer to his bill.

It is alleged in the bill, filed at December Rules, 1931, that in the latter part of the year 1920 plaintiff expended $294.76 for improvements which were then placed on real estate of the defendant, pursuant to an oral agreement between the plaintiff and the defendant, which obligated the defendant to execute to the plaintiff a deed of trust on said property to secure the amount thus expended, but that the defendant after repeated promises to execute such deed has finally declined to do so.

It is urged that under the facts pleaded, equity will impose a trust upon the said property for the benefit of the plaintiff.

We cannot accede to this theory. There cannot be an express trust because the agreement pleaded was for the doing of a definite thing by the defendant, namely, to execute a deed of trust. This was a very different thing from an undertaking by the defendant to hold the legal title of the property for the benefit of the plaintiff, which would be the legal effect of an express trust. By the same measure there cannot be said to have been created an implied or constructive trust because any rights that the plaintiff may now have or formerly have had must be based on the specific oral contract pleaded and not upon conduct of the parties. The plaintiff cannot at the same time invoke both an express agreement and an implied trust.

Specific performance cannot be sustained. For such relief to be granted upon an oral contract three conditions must obtain: (1) The parol agreement must be definite in its terms; (2) the acts relied on as part performance must be attributable directly to the agreement; (3) the agreement must have been so far executed that a refusal of full execution would operate as a fraud upon the purchaser, and place him in a situation which does not lie in compensation at law. *Campbell* v. *Fetterman's Heirs*, 20 W. Va. 398, 403. Granting compliance with the first two requirements, the third stands unapproached. For the money which the plaintiff expended for the defendant he was entitled to judgment at law. This would have made him whole. The relief would have been full, adequate and complete. The plaintiff's claim being thus compensable at law, the right to specific performance was thereby precluded. To hold that the plaintiff is entitled to specific performance now that his right to prosecute an action at law has become barred by the statute of limitation would put a premium on his delay and would grant him relief at this time which he could not have obtained prior to the expiration of the statutory limitation period.

Do the facts pleaded give rise to an equitable lien? The principle is thus defined:

> "The doctrine may be stated in its most general form, that every express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property,

real or personal, or fund, therein described or identified, a security for a debt or other obligation, or whereby the party promises to convey or assign or transfer the property as security, creates an equitable lien upon the property so indicated, which is enforceable against the property in the hands not only of the original contractor, but of his heirs, administrators, executors, voluntary assignees and purchasers or encumbrancers with notice. Under like circumstances, a merely verbal agreement may create a similar lien upon personal property.'' 3 Pom. Eq. Juris. (4th Ed.), p. 2962.

The said text is quoted and followed in *Knott* v. *Mfg. Co.,* 30 W. Va. 790, 5 S. E. 266. A statement of this equitable principle, in identical or similar phraseology, is found in numerous West Virginia cases. *Fidelity Ins. Co.* v. *R. R. Co.,* 33 W. Va. 761, 11 S. E. 58; *Holley's Ex'or.* v. *Curry,* 58 W. Va. 70, 51 S. E. 135; *Jones* v. *Blankenship,* 79 W. Va. 541, 91 S. E. 389; *Foster* v. *Lumber Co.,* 96 W. Va. 325, 330, 123 S. E. 50; *Campbell* v. *Lumber Co.,* 106 W. Va. 142, 145 S. E. 160.

We have not found any West Virginia case wherein the court has imposed an equitable lien on land for the payment of a debt to a stranger on a parol agreement and in total absence of a writing giving background to the lien. It will be noted that in the excerpt from Pomeroy's Equity Jurisprudence, *supra,* the existence of a writing seems to be prescribed as one of the requirements for the application of the doctrine of equitable liens. Cases from other jurisdictions substantiate this view. In the case of *Washington Market Co.* v. *District of Columbia,* 172 U. S. 361, 43 L. Ed. 478, the Supreme Court of the United States said:

''A court of equity will not relieve an individual from the operation of the statute of frauds, which requires that interest in lands be created by an instrument of writing, and impose an equitable lien upon land in favor of one who makes improvements thereon, knowing that the title is in another,—especially where the money is expended under an express understanding with reference thereto had with the owner, but will leave the party to the remedies, if any, which a court of law provides.''

A Special Court of Appeals of the State of Virginia having under consideration the question of equitable lien in the case of *Porter* v. *Shaffer,* 147 Va. 921, 133 S. E. 614, followed the *Washington Market* case, *supra.* The court held that the complainants, who had partially constructed a building on land of another and claimed under parol agreement for a twenty-five year lease which the land owner refused to execute, were not entitled to equitable relief but that the complainants' relief, if any, was at law.

In the case of *Printup* v. *Barrett,* 46 Ga. 407, it was held that equity will not establish a lien in favor of a person who loaned money to another for the purpose of rebuilding a mill, it being understood that the lender was to have a lien on the mill to secure the loan, but no writing was entered into, except the giving of notes for the money, and there was no charge of accident, fraud or mistake. In the opinion, the court said:

> "Equity will only interfere when the setting up of the statute would be to protect a fraud or prevent relief against an accident. Neglect—inattention to one's own business—mere failure to see to it that an agreement is made and signed, as stipulated, is not such an accident as equity will relieve against. It does not come to the aid of the sleeper, but of him who, though awake, has been entrapped by fraud or been prevented from getting his agreement put into writing by inevitable accident."

The *Printup* case is cited in support of the text of Jones on Liens (3d Ed.), Vol. I, sec. 70:

> "An equitable lien does not arise in favor of one who has made advances to another to enable him to make improvements upon his property, though there was an understanding at the time that a lien should be given upon the property improved."

And in discussion of the *Printup* case the textwriter proceeds:

> "Had there been a written agreement that a mortgage should be given, equity might have declared such agreement to be an equitable mortgage; or had there been an express oral agreement that a mortgage should be given, and it could be shown that the failure to execute the mortgage was by reason of

some fraud or accident, there might be good ground for relief in equity. But mere neglect to execute the mortgage, or neglect to execute a written agreement for a mortgage, is not such an accident as equity will relieve against.''

The observation of the text-writer with reference to the case there under consideration may very aptly be applied to the situation at bar.

Two of the cases upon which much reliance is placed by the plaintiff are *Rogers* v. *Huie*, (Cal.) 56 Am. Dec. 363, and *Smith* v. *Smith*, (N. Y.) 26 N. E. 259, 261. In the former case, it is held that a parol promise to pay for improvements upon land is not within the statute of frauds, and in the latter the court said: ''An agreement to give a lien upon land to secure money to be expended in improving it, followed by an actual expenditure of the money, and the improvements contemplated, is so far performed that equity does not regard the statute of frauds as a defense to an action to enforce the agreement.'' We are unable to follow these holdings, because not in harmony with the principles above emphasized, which we believe sound and to which we adhere.

For the reasons set forth we affirm the decree of the trial chancellor.

*Affirmed.*