MAE McCORMICK EDWARDS *v*. C. FRED EDWARDS

(No. 8307)

Submitted April 15, 1936. Decided May 26, 1936.

506

*Frank Lively* and *T. Selden Jones* and *Okey P. Keadle*, for appellant.

*Scott, Graham & Wiswell,* for appellee.

MAXWELL, JUDGE:

By this suit, Mae McCormick Edwards, plaintiff, seeks of C. Fred Edwards, defendant, an accounting for rents arising from certain real estate in the City of Detroit, State of Michigan. From a decree awarding partial relief, the plaintiff appeals.

The parties, married in 1903, separated in 1926, since which time there has been much litigation between them. The plaintiff was denied a divorce from the defendant in 1928. *Edwards* v. *Edwards,* 106 W. Va. 446, 145 S. E. 813. In a later suit for separate maintenance, relief was granted her. *Edwards* v. *Edwards,* 113 W. Va. 156, 167 S. E. 97.

For a number of years, the defendant has been extensively engaged in the manufacture of mattresses. In 1919, while the parties were living together as husband and wife, the defendant, in furtherance of a plan of business expansion, acquired a parcel of land in Detroit, at a cost of $9,500.00. At his direction, deeds for this property were made to him and his wife jointly. Soon after having acquired title to the lot (composed of four and a fraction smaller lots), the defendant caused a mattress factory to be erected thereon at a cost of about $36,000.00. In financing the construction of the factory, the defendant borrowed of a Detroit bank $24,000.00, whereof $8,000.00 remains unpaid. A mortgage on said property was executed to secure the loan. Both the note evidencing the debt, and the mortgage, purport to carry the signatures of the plaintiff and the defendant, but she denies that she signed either of them.

The plaintiff alleged and testified that the defendant gave her a one-half interest in said property, as evidenced by the deeds under which title was acquired; that he promised her she should have one-half of the rents from the property after sufficient rent had been received to liquidate the mortgage indebtedness; that the property has been in the occupancy of one of the defendant's corporations on a rental basis of $400.00 per month from the time of the completion of the factory. In her demand for an accounting, she asserts that there is due her about $22,000.00.

The defendant denies that he intended to or did in fact make a gift to his wife of a one-half interest in the Detroit property; denies that he promised her she should have any portion of the income from said property; denies that any rent has ever been received from the company which has been occupying the same; asserts that the plaintiff was made a grantee in the said deeds at the instance of the bank with which he was negotiating for a loan on the property, and he further alleges that in 1923, the plaintiff joined with him in the execution of a deed conveying to Detroit National Bedding Company the title to said property, and in evidence of said allegation, he produced a paper purporting to be a deed from the parties hereto to the said company, dated March 31, 1923. She denies that the name "May Edwards" appended to said deed is her signature. The deed was not acknowledged by either party.

It appears from the record that the defendant's books disclose that for a number of years subsequent to the completion of the factory at Detroit, the company occupying the plant was charged a monthly rental of $400.-00, and that credit for said amount was claimed by the company in federal income tax returns. The defendant and his auditor testified that no money was actually paid under said rental charge; that the charge was theoretical and not actual. They say that the entries were made for the purpose of equalization of overhead expense among the several factories in the chain operated by the de-

fendant. The defendant's auditor further testified that for the last three or four years credit has not been taken for the item of rent in the income tax returns of the said company.

The circuit court ascertained and decreed that the unacknowledged deed of March 31, 1923, signed by the defendant and purporting to have been signed by the plaintiff, is not the deed of the plaintiff, and that she is the owner of an undivided one-half interest in the said property; that the plaintiff is entitled to an accounting from the defendant for one-half of the rental value of the property subsequent to the first day of April, 1926, being the date of the separation of the parties, and that for the years the defendant's Detroit company was credited upon federal income taxes for the sum of $400.00 a month, the rental value of the property shall be taken to be on that basis; that "the amount paid by the defendant, upon principal and interest, on the mortgage executed by defendant and his wife, the plaintiff herein, prior to the 1st day of April, 1926, plus the amounts advanced by or given by the defendant to the plaintiff were equal to all rents received or collected by him from the undivided one-half (½) interest in the Detroit property up to that date, and that the said defendant did not owe plaintiff, on the 1st day of April, 1926, anything"; that the defendant shall be permitted to off-set against all rentals, with which he is chargeable, the amount that he has paid for the construction of the building upon the property, and upon the principal and interest of the mortgage debt, and for taxes, insurance and upkeep of the property and for assessments against the same subsequent to April 1, 1926. The court further decreed that the cause be held open to permit the parties to take further testimony bearing upon certain of the matters in issue.

On the sharp issue of fact whether the plaintiff signed the aforementioned deed of March 31, 1923, there is no satisfactory basis on which we could hold that the chancellor was plainly wrong in his finding that the plaintiff

did not sign the deed. Substantial evidence warranted his conclusion. Under familiar principles, we must therefore affirm the chancellor in this particular.

The grants of the land to the husband and wife jointly carry the presumption that the grantees were being vested with equal ownership, and, from the fact that he furnished the money for the purchase, there arises the presumption that he intended an undivided one-half interest in the property to be a gift from him to his wife. *Coffman* v. *Coffman*, 108 W. Va. 285, 150 S. E. 744, and cases cited. The same rule obtains in the state of Michigan. In *Innis* v. *Michigan Trust Co.*, 238 Mich. 282, 213 N. W. 85, where a husband had purchased real estate and procured title therefor to be vested in his wife, it was held that there arose a rebuttable presumption "that the husband's paying the consideration for the grant to his wife was intended as a gift or advancement, and not as a trust in favor of the donor."

On the basis of joint ownership, it follows that permanent improvements which were later placed on the property became a part thereof and the ownership of the parties attached thereto in the same proportion they had acquired in the land before the factory was erected thereon. The presumption of gift from husband to wife continues. In this jurisdiction, in partition of real estate among joint tenants or tenants in common, there may be appropriate credit given on account of the improvements. *Dodson* v. *Hays*, 29 W. Va. 577, 597, 2 S. E. 415; *Ward* v. *Ward's Heirs*, 40 W. Va. 611, 21 S. E. 746, 29 L. R. A. 449, 52 Am. St. Rep. 911. But such principle does not apply where the co-tenants are husband and wife, and she sues for an accounting for rents, the presumption of gift by the former to the latter not having been overthrown. *Leach* v. *Leach*, 167 Minn. 489, 209 N. W. 636. It follows, therefore, that the defendant is not entitled to claim credit on account of the money which he expended for the construction of the building on the property, except to the extent of the mortgage indebtedness of $24,000.00, and this amount, the plaintiff admits,

was to be discharged out of income from the property before her right to share in the income should attach. Consequently, we do not affirm the trial chancellor's finding that the defendant should be reimbursed for the full amount of expenditures for improvements, before the plaintiff should share in the income from the property.

It appears from the record that during the later years of their marital association, the defendant, then having a large annual income, lavished money on the plaintiff. The chancellor took the view that for the period prior to the separation in 1926, the defandant should not be required to make an accounting to the plaintiff with respect to the rent for the Detroit property, because, throughout that time, the defendant was furnishing the plaintiff money in amounts far in excess of her portion of the Detroit rent. In that finding we do not concur with the learned chancellor for the reason that the profuse bestowals of money on the wife by the husband in the years of their tranquillity can properly be considered in no other light than gratuities passing from the husband to the wife, without commercial contractual basis. Matters of pure altruism and benevolence should not be offset against a matter of legal right such as the Detroit property income here involved. Her right to a moiety of that income flows from her joint ownership of the property, regardless of whether she paid money for her interest or acquired it as a gift from her husband. It is the fact of ownership which controls.

We concur in the chancellor's finding that for the years in which the defendant's Detroit company claimed and received a deduction in its federal income tax return of $400.00 a month for rent, there must be an accounting by the defendant to the plaintiff on the basis of one-half of that amount. Also, we concur that for any period for which such deduction was not made, there should be evidence adduced as to the fair rental value of the property. On one-half of the total of the net income for each year the plaintiff is entitled to interest

from the end of that year, not compounded. *Rust* v. *Rust,* 17 W. Va. 901.

We affirm the decree of the circuit court in its adjudications (a) that the deed of March 31, 1923, signed by the defendant and purporting to have been signed by the plaintiff, is not the deed of the plaintiff; (b) that the plaintiff is the owner of an undivided one-half interest in the Detroit property; (c) that the plaintiff is entitled to an accounting from the defendant for her share of the rental value of said property; (d) that such accounting shall be on the basis above set forth; (e) that in making said accounting, the defendant is entitled to deductions of principal and interest of the mortgage on said property, and for taxes, assessments, insurance and upkeep. We reverse the circuit court's decree in its adjudications (a) that such accounting shall not antedate the first day of April, 1926; (b) that the defendant is entitled to credit for the cost of the building placed on the property.

It follows that the cause must be remanded for further proceedings not at variance with this opinion.

*Affirmed in part; reversed in part; remanded.*