MAE McCORMICK EDWARDS *v.* C. FRED EDWARDS

(No. 8525)

Submitted February 2, 1937. Decided February 9, 1937.

*Frank Lively, T. Selden Jones* and *Okey P. Keadle,* for appellant.

*Scott, Graham & Wiswell,* for appellee.

HATCHER, JUDGE:

This is a suit for an accounting of the rents on real property. The suit was instituted August 1, 1933, and a final decree was entered in the circuit court on July 18, 1935. An appeal was allowed, whereon we held that plaintiff was entitled to an accounting for one-half of the rental value of the property, subject to deductions by the defendant of payments on the principal and interest of a mortgage on the property and of payments for taxes, assessments, insurance and upkeep. Our decision is reported in 117 W. Va. 505, 185 S. E. 904, which see for the particulars of this litigation. The principal of the mortgage was $24,000.00, of which defendant had paid $16,000.00 prior to the institution of the suit.

Upon the return of the cause to the circuit court, it appeared that defendant had made no further payments on the mortgage, and that it had been foreclosed "in the latter part of 1935." An account was stated showing the yearly rental value, with the payments of interest on the mortgage, and of taxes, insurance and upkeep on the property from September 1, 1919, to January 1, 1936. The court sequestered all the net rentals from September 1, 1919, as shown by the account, until they amounted to $24,000.00, the principal of the mortgage, before commencing to credit the plaintiff with her share of the rents. During the remainder of the rental period, plaintiff's share, with interest to October 1, 1936, amounted to $12,747.26, for which the court entered a recovery against the defendant. She takes the position that since the defendant had actually paid only $16,000.00 on the principal of the mortgage, only rentals to that amount should have been deducted in his favor instead of $24,-

000.00. According to her calculation, her share of the subsequent rentals, with interest to October 1, 1936, should be $17,400.08.

The brief of defendant does not attempt to sustain the action of the circuit court, but advances the contention that plaintiff is not entitled to any recovery. The brief states that defendant raised before the circuit court the statute of limitations, and the barring of plaintiff's claim as a gift; and that to adverse rulings thereon the defendant expects to assign cross-error here "when the opportunity is allowed him." Rule XI of our Rules of Practice provides that an appellee may counter-assign error formally "at the hearing of the case, or by pointing out and complaining of the same in his brief." The complaint in defendant's brief is therefore an opportune assignment of error. To the assignment, we answer that the questions he would raise now were raised and determined on the former appeal. That determination is the law of the case. *Keyser Canning Co.* v. *Throwing Co.*, 98 W. Va. 487, 128 S. E. 280.

In this accounting, it would be gratuitous to allow defendant the deduction of a greater sum than he had actually paid on the mortgage. Furthermore, the quantum of allowance was also settled by our former decision. The exact statement of our opinion in relation to the mortgage is: "We affirm the decree of the circuit court in its adjudications * * * that in making said accounting the defendant is entitled to deductions of principal and interest of the mortgage * * *." The adjudication of the circuit court referred to was that defendant should offset against the rentals chargeable to him "all amounts that he has paid * * * upon the principal and interest of the mortgage." Consequently, reading into our decision the precise adjudication affirmed, defendant's deductions are clearly limited to actual payments on the mortgage.

The decree is reversed and the cause remanded.

*Reversed; remanded.*