OMA SCHOEMER EVERLY

*v.*

LOUIS E. SCHOEMER, *et als.*

(No. 10595)

Submitted January 26, 1954. Decided March 2, 1954.

*Julius W. Singleton, Jr.,* for appellant.

*William E. Glasscock, Donald G. Lazzelle,* for appellees.

LOVINS, JUDGE:

This is a suit for specific performance brought in the Circuit Court of Monongalia County, by Oma Schoemer Everly, against Louis E. Schoemer, Agnes Schoemer, Louis Mantini and Josephine Mantini. The Circuit Court entered a decree granting the plaintiff the relief prayed for. The defendant, Louis E. Schoemer prosecutes this appeal.

Oma Schoemer Everly and Louis E. Schoemer were married April 28, 1929, and lived together until October 21, 1947, when they were divorced and thereafter remarried to other persons. Oma Schoemer Everly is now the wife of John E. Everly, Jr. and Agnes Schoemer is the wife of Louis E. Schoemer. Louis Mantini and Josephine Mantini are parties to the agreement hereinafter mentioned.

By an agreement bearing date the 30th day of April, 1942, the Mantinis agreed to sell to the Schoemers Lot number 5, Block 3 of the Homeside Addition to the second ward of the City of Morgantown, Monongalia County, West Virginia, on which was situated a dwelling house. The Schoemers agreed to pay $5760.00, without interest for the real estate, which purchase price was payable in 120 equal monthly installments of $48.00 each. Certain other stipulations were contained in the agreement, unnecessary to mention.

A divorce was granted to the plaintiff herein, on her bill of complaint which was not contested by Louis Schoemer. The custody of the two children born to Louis and Oma Schoemer was granted to her. Louis Schoemer was required to pay the sum of $100.00 per month for the support of the two children. Oma Schoemer did not ask for alimony in the divorce suit, but in the decree it was provided that she waived alimony "now and in the future", and it was accordingly so decreed.

On the date of the agreement, no divorce between the Schoemers was contemplated. At the time of the separation and divorce of the Schoemers, the sum of $3072.00 had been paid on the purchase price. Since their divorce, the residue of the purchase price has been paid, amounting to $2688.00. Louis Schoemer, according to his testimony, has expended since the divorce the sum of $2615.00 for repairs and maintenance of the real estate, which includes taxes thereon and insurance premiums covering improvements.

The plaintiff testified that she has paid some of the

installments due on the purchase price of the real estate before and after her divorce. But her testimony is indefinite as to the number of installments and the amount paid by her. The defendant, Louis Schoemer, asserts that he has paid all of the purchase price and that the plaintiff paid no part thereof.

After the divorce was granted, according to the testimony of Louis Schoemer, his former wife informed him that he could take the property and the children. In this, he is corroborated by the testimony of his mother.

After leaving her former home, the plaintiff herein stayed away for a time, the duration of her absence not being shown by the record. At the solicitation of her daughter, she returned and resided at her former home until sometime in March, 1949. During the time she resided at her former home, Louis Schoemer, with the exception of a period of two months, when he stayed with his mother, also resided in the former family home.

There seems to have been some indefinite arrangement under which the Schoemers would pay certain amounts out of their respective salaries. Exactly how much was paid by either is not shown.

Louis Mantini assumes the position that he is willing to convey the real estate to whomsoever the court may require.

On the foregoing showing, the trial court decreed that the Mantinis execute and deliver a deed of conveyance, conveying the real estate in equal shares to Oma Schoemer Everly and Louis Schoemer, and in default of the execution of such deed, appointed a commissioner who should execute and acknowledge the deed, carrying out the decree of the court and decreed that the plaintiff recover costs.

The defendant, Louis Schoemer, is the only defendant who prosecutes an appeal. He contends that the plaintiff is not entitled to a decree of specific performance and a decree for costs, and that it was error to grant such relief.

This suit presents a rather anomalous situation. Generally, the property rights of a husband and wife are settled in a divorce suit between them. In this instance however, no such settlement was made or attempted.

A court of equity has jurisdiction of divorce cases by virtue of statute conferring such jurisdiction. *Parks* v. *Parks,* 109 W. Va. 138, 141, 153 S. E. 242, vide: "* * * For the purpose of making effectual any order or decree provided for in this section the court, or judge thereof in vacation, may make any order or decree concerning the estate of the parties, or either of them, as it shall deem expedient." Chapter 70, Article 2, Section 15, Acts of the Legislature, 1953, Regular Session. A provision similar to that quoted above, will be found in Section 15, Chapter 35, Acts of the Legislature, 1935, Regular Session.

Additional power is given a court of equity with respect to the property of one spouse in possession or control of the other. Section 19, Chapter 35, *id.*

Though the entire record in a divorce suit between the plaintiff and the defendant, Louis Schoemer is not before us, the decree of the divorce, pronounced by the Circuit Court of Monongalia County, makes no mention of the property rights. It is therefore a fair assumption that the question of property rights was not raised in the divorce suit and such question certainly is not mentioned in the decree.

Except in certain instances, where one person buys land under an executory agreement and the purchase money is paid by another, an enforceable constructive trust arises in favor of the one paying the purchase price. *Currence* v. *Ward, et al.,* 43 W. Va. 367, 27 S. E. 329. It is unnecessary to have this agreement in writing to enforce such trust, and the trust may be shown by oral evidence. *Currence* v. *Ward, et al., supra.* See *Lorentz* v. *Lorentz, Ex'r, et al.,* 14 W. Va. 809, relative to the duty of a vendor who has been specifically required by a written contract to convey

land to a person other than the one who paid the purchase money.

In this jurisdiction, however, an agreement involving a husband and wife as joint vendees of real estate is subject to the principle that one-half of the purchase money paid by a husband is presumed to be a gift to the wife. If the husband, or a third person, at his direction, conveys all or part of the real estate to the wife, such conveyance is likewise presumed to be a gift to the wife. *Boyd* v. *Boyd*, 109 W. Va. 766, 155 S. E. 303.

"When a grant is made to two persons jointly, the legal presumption is that each is seized of an equal share or interest, unless the contrary appears in the grant." *Coffman* v. *Coffman*, 108 W. Va. 285, 150 S. E. 744.

Where the joint vendees are husband and wife, each takes a moiety of the property. As to the wife's moiety, in the absence of a showing to the contrary, the husband is presumed to have intended such moiety as a gift to his wife. *Edwards* v. *Edwards*, 117 W. Va. 505, 185 S. E. 904. See *Spradling* v. *Spradling*, 118 W. Va. 308, 190 S. E. 537.

The principle relating to a gift by a husband to a wife is applicable to this suit. See *Wood* v. *Wood*, 126 W. Va. 189, 28 S. E. 2d 423.

But in the instant suit, we are not concerned with such conveyance. We have here an agreement made by two persons who were then husband and wife, requiring certain installment payments of the purchase price for real estate to be made. Before the agreement was fully consummated, the vendees named in such agreement were divorced.

Though the husband may have paid the entire amount of $3072.00 during their marriage, such payment by him amounted to a gift to his then wife of one-half of the payments. She is entitled to one-half of the purchase price paid on their joint agreement with the Mantinis, while she was the wife of Louis Schoemer.

But, as to the $2688.00 paid on the purchase price by Louis Schoemer after the divorce, no such presumption arises, but the contrary is to be supposed, and we hold that the plaintiff herein is not entitled to any part of the installment payments made after the divorce.

There is no proof showing that any improvements were made on the property during the marriage of the plaintiff and Louis Schoemer. The improvements and expenditures were made after their marriage was ended by divorce. We do not think that the plaintiff is entitled to recover any part of the amounts paid for improvements by Louis Schoemer after the divorce.

In accordance with the foregoing, we are of opinion that the plaintiff should receive $1536.00, without interest thereon, for her share in the real estate which the Mantinis agreed to convey to her and Louis Schoemer.

Louis Schoemer, having prayed in his separate answer for specific performance by Louis Mantini and Josephine Mantini, we are of opinion that he is entitled to a deed of conveyance from Louis Mantini and Josephine Mantini, conveying to him Lot 5 in Block 3, of the Homeside Addition, to the second ward of the City of Morgantown, Monongalia County, West Virginia.

The plaintiff, being entitled to the amount as above indicated, should have security for the payment of that amount. "An equitable lien to charge some particular property with a debt or obligation may be implied and declared by a court of equity out of general consideration of right and justice as applied to the relation of the parties and the circumstances of their dealings." Syllabus, *Coal Co.* v. *Polowy,* 108 W. Va. 458, 151 S. E. 429.

For a further discussion of the question of equitable liens, see *Spencer* v. *Williams,* 113 W. Va. 687, 688, et seq. 170 S. E. 179; *Foster* v. *Lumber Co.,* 96 W. Va. 325, 330, 123 S. E. 50. "An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is declared

by a court of equity out of general consideration of right and justice as applied to the relations of the parties and the circumstances of their dealings. A lien necessarily excludes any idea of ownership by the party claiming it. A lien, whether implied or by contract, confers no right of property upon the holder. It is neither *jus ad rem* nor *jus in re."* *Foster* v. *Lumber Co., supra.*

The situation disclosed by the record and considering the circumstances in which the plaintiff and the defendant, Louis Schoemer are placed, we think that right and justice call for the impressment of an equitable lien on the real estate.

We are therefore of the opinion that the real estate should be impressed with an equitable lien to secure the payment of the amount due Oma Schoemer Everly, and that the conveyance to Louis Schoemer should provide for such lien.

The amount due the plaintiff in this suit shall be paid within a reasonable time from the entry of a final decree by the Circuit Court of Monongalia County, carrying out the mandate of this Court.

In accordance with the foregoing, the decree of the Circuit Court of Monongalia County is reversed, and this cause is remanded to that Court, with directions to enter a decree in accordance with the principles enunciated in this opinion.

*Reversed and remanded
with directions.*