312 S.E.2d 293

**William R. DODD**

v.

**Marie A. HINTON.**

No. 15844.

Supreme Court of Appeals of
West Virginia.

Jan. 27, 1984.

Stephen A. Wickland, Clarksburg, for appellant.

Scott S. Dieringer, Bridgeport, for appellee.

PER CURIAM:

William R. Dodd seeks to overturn a decision of the Circuit Court of Harrison County, which denied his request for contribution from his ex-wife in a forced sale of jointly-owned real estate. The appellant had filed a partition suit, seeking sale of the property and recovery from the appellee's share of the proceeds an amount equal to one-half of the money spent by him to purchase the property during the marriage. The circuit court held that absent any agreement to the contrary, these payments by him were presumed to be a gift; and denied his request. For the reasons set forth below, we affirm.

The appellant and Marie A. Hinton, the appellee, were married on February 14, 1979. At the time of the marriage, both owned their own homes. On May 18, 1979 the parties purchased a new residence, titled in both of their names as joint tenants with right of survivorship. This house was acquired with some savings and a substantial loan secured by a jointly-executed demand note and deed of trust. In 1979 and 1980 several payments on this loan were made by the appellant from his own funds. On March 27, 1980 he sold his former residence and deposited the proceeds in the parties' joint checking account. They then paid off the balance of the loan on the new house, with a check drawn on this joint account and signed by the appellee.

On May 13, 1980 the appellee filed for divorce on the grounds of irreconcilable differences and cruelty; she did not request alimony. By Order of November 18, 1981 the court granted appellee a divorce on the grounds alleged in her complaint. Pursuant to the commissioner's recommendation, the court did not award either party possession of the jointly-owned marital residence. The appellee, however, was given use and possession of the house until it was sold.

On November 24, 1981 the appellant instituted this action to partition the property, or sell it and divide the proceeds. He also requested recovery from the appellee of her share of the note paid by him from his separate estate, plus interest. The appellee agreed that the property should be sold, but insisted that she owed appellant nothing. She alleged that she had contributed to the maintenance and improvement of the property, and as the owner of an undivided one-half interest therein, was entitled to one-half of the proceeds of the sale.

By decree entered September 9, 1982 the court ordered that the property be sold, but held that appellant was not entitled to contribution in any amount from the appellee. The court found that the payments made by appellant from his own separate estate were presumed to be a gift to the appellee, and that no evidence was introduced to rebut this presumption. The court further found that these payments were purely voluntary; that no demand for payment was made entitling appellant to expect contribution from appellee; and, that no writing relative to contribution by either party existed. The court refused to construe the joint demand note and deed of trust as an agreement on appellee's part to make contribution on funds paid by appellant.

The appellant now seeks the imposition of an equitable lien on the appellee's share of the proceeds from the sale of the marital domicile. He contends that this remedy is necessary to prevent unjust enrichment of the appellee, who contributed nothing to the purchase of the property.

*W.Va.Code*, 48-3-10 [1931] provides:

"Where one spouse purchases real or personal property and pays for the same, but takes title in the name of the other spouse, such transaction shall, in the absence of evidence of a contrary intention, be presumed to be a gift by the spouse so purchasing to the spouse in whose name the title is taken."

■ Furthermore, it is firmly established in our common law that where a husband furnishes the purchase money for property which is conveyed to him and his wife jointly, it is presumed that he intended one-half of the money paid and the half interest so conveyed to be a gift to his wife:

"Where a husband purchases real property and causes deeds therefor to be made to himself and wife, jointly, it is presumed that he intended a gift to his wife of a moiety of the property and that she should be vested with full legal and equitable title to such interest, in the absence of clear evidence to the contrary." Syl. pt. 2, *Edwards v. Edwards*, 117 W.Va. 505, 185 S.E. 904 (1936).

*See also Everly v. Schoemer*, 139 W.Va. 392, 80 S.E.2d 334 (1954); *Coffman v. Coffman*, 108 W.Va. 285, 150 S.E. 744 (1929).

■ This is true even where the parties are joint vendees under the purchase agreement, and have executed a joint note and mortgage on the property. *See Everly, supra.* If the husband then pays more than his share of the obligation, it is presumed to be a gift to his wife to the extent that one-half of the purchase money exceeded the part contributed by her. This presumption is controlling in the absence of clear evidence that the husband did not intend the extra amount paid by him to be a gift to his wife. *Coffman, supra.*

In *Patterson v. Patterson*, 167 W.Va. 1, 277 S.E.2d 709 (1981), we did not disturb this presumption of a gift regarding transfers between spouses, but noted that it may be rebutted by a clear showing of unjust enrichment. The appellant contends that he made such a showing here. However, he neither alleged nor proved any fraud, duress, undue influence, mistake, breach of fiduciary duty, or wrongful dis-position of his property by the appellee, which would support a finding that the appellee has been unjustly enriched. *See Patterson, supra; Bryan v. Lincoln*, 168 W.Va. 556, 285 S.E.2d 152 (1981); *Annon v. Lucas*, 155 W.Va. 368, 185 S.E.2d 343 (1971).

*W.Va.Code*, 48-3-9 [1931] provides:

"A contract between a husband and wife shall not be enforceable at law, unless such contract, or some memorandum or note thereof, be in writing and signed by the party to be charged thereby."

Both parties testified that there was no express agreement between them that the appellee would reimburse the appellant for her share of payments made by him on their joint obligation. The appellant maintains, however, that he is entitled to contribution from the appellee based on the jointly-executed promissory note, which represented an agreement by both parties to repay the debt. He relies on *Newton v. Dailey*, 167 W.Va. 347, 280 S.E.2d 91 (1981) which held, in syllabus point 4:

"Under our law, co-obligors on a note are jointly and severally liable. If one co-obligor is required to pay the entire obligation, he may seek contribution or reimbursement from his co-obligor for fifty per centum of the amount paid."

■ *Newton* also held that notes such as this one meet the writing requirement of *W.Va.Code*, 48-3-9 [1931], *supra*, and give rise to a right of contribution or reimbursement. 167 W.Va. at 351, 280 S.E.2d at 93. However, the appellant admits that no formal demand for payment of the note was made. His testimony clearly shows that he was not required to pay the entire obligation, but did so voluntarily. Under these circumstances, he has no basis upon which to seek contribution or reimbursement from the appellee.

■ In addition, we find that the appellant did not satisfy the note with his money alone. The final payment of over $50,000 was made by the appellee from the parties' joint checking account, with the appellant's consent. Although most of the funds in the account came from the sale of the appellant's residence, when they were deposited by him in the parties' joint account

they became the appellee's property as well:

"Prior to the death of a donor depositor, a rebuttable presumption exists under the provisions of Code, 1931, 31A–4–33, as amended, that the ownership of the funds is joint, a presumption which may be overcome by competent evidence." Syl. pt. 3, *Dorsey v. Short*, 157 W.Va. 866, 205 S.E.2d 687 (1974).

*See also Simmons v. Simmons*, 171 W.Va. 170, 298 S.E.2d 144 (1982).

Although the donor depositor may rebut this presumption by showing that he did not intend to create a joint tenancy, the appellant has presented no evidence of a contrary intent on his part. Therefore, we must presume that these funds were the joint property of the parties, properly used by the appellee to discharge their joint obligation.

■ Finally, the appellant invokes the equitable distribution principles enunciated in *LaRue v. LaRue*, 172 W.Va. 158, 304 S.E.2d 312 (1983). However, *LaRue* makes it clear that such a claim must be specifically asserted in a divorce action. The entire record of the divorce proceeding is not before us. However, the decree does not mention the property rights of the parties with respect to the marital domicile. It is therefore fair to assume that the appellant did not raise this question in the divorce proceedings. Failing this, we shall not permit him to interject a claim based on domestic relations law into a partition action.

Although the appellant presents what is certainly a colorable claim under *LaRue* principles, he presents it as one isolated element in a suit where other domestic issues cannot be litigated. Conceivably the divorce suit was settled on the assumption that this property would be divided according to its legal title, and decisions such as whether to seek a fault-based divorce, alimony, and a corresponding equitable division of other property, were made on the supposition that this property equally belonged to both parties. If we were to apply *LaRue* principles to this case, we would then be duty bound to open up the entire issue of divorce, which is now *res judicata*.

We find no error in the lower court's decision. Accordingly, the judgment of the Circuit Court of Harrison County is affirmed.

Affirmed.