342 S.E.2d 294

**Bobbie E. MYERS**

v.

**Lois C. MYERS.**

**No. 16816.**

Supreme Court of Appeals
of West Virginia.

April 4, 1986.

Hayes Webb, Furbee, Amos, Webb & Critchfield, Fairmont, E.G. Marshall, Marshall & St. Clair, Huntington, for appellant.

Robert K. Means, Huntington, for appellee.

PER CURIAM:

Lois C. Myers appeals from an order of the Circuit Court of Cabell County entered in a partition suit. The court found that two tracts of land owned by the appellant and her former husband were not susceptible to partition in kind and therefore ordered a sale. The sale was stayed pending the outcome of this appeal. The case is before us on the petition for appeal and the brief and argument of appellant's counsel. The appellee has not filed a brief or otherwise appeared before this Court.

I

Lois C. Myers, the appellant, and Bobbie E. Myers, the appellee, were divorced in December of 1981, after more than 32 years of marriage. During their marriage, the couple acquired two tracts of real estate, one in Cabell County and the other in Mason County.

The Cabell County property contains 5.2 acres and was for a two or three-year period, the locus of the marital residence. It is situated on the banks of the Ohio River and is subject to a flowage easement, in the name of the United States of America, which affects approximately two acres of the tract.

The Mason County property comprises six contiguous parcels comprising more than 800 acres in the aggregate. It stretches eastward from the Ohio River, with about 2800 feet of river frontage. Approximately one-third of the acreage is subject to flooding. There is a sand and gravel deposit and a 36 to 40 inch seam of Pittsburgh coal. The value and marketability of these minerals were not determined. The diverse terrain includes pasture land, steep hill land, woodland with potentially marketable timber, and scrub land which has been timbered.

After the divorce, the appellee instituted partition suits in Cabell and Mason Counties seeking to force a sale of the real estate. On the motion of the appellant, and with no objection by the appellee, the actions were consolidated in Cabell County. By her answer, the appellant opposed a sale. With specific regard to the Cabell County property, she admitted that it could not be partitioned in kind, but asserted that the property should be allotted to her because the tract was carved out of her family's estate. The appellant asserted that the Mason County property was susceptible to partition in kind.

At a hearing on the matter, both parties presented widely divergent opinions through their own testimony and the testimony of expert witnesses on the question of the value of the real estate. The trial judge made no finding with respect to the value of either the Mason County or the Cabell County property. However, the judge did find that a house situated on the Cabell County property had no value, and that a house on the Mason County property had a value of $25,000. The findings as to the value of these improvements were in accord with the appraisal figures given by

the appellant's expert witness, real estate appraiser Morton Pilcher.

The appellant proposed a partition plan to the court, whereby the two properties would be treated as a unit, the Mason County property would be divided in half along a line running roughly west to east, and the Cabell County property would be added to the southern half of the Mason County property. In the opinion of the appellant's expert witness such a partition would leave both parties with property of equal value. The proposed division line would divide the Mason County property into two halves of equal value, not including any improvements. Pilcher believed that the value of the Cabell County property, including improvements, equalled the value of improvements on the northern half of the Mason County property. He therefore felt that the proposed plan would result in a fair and equal division of the property. The appellant also proposed that the appellee be given his choice of halves following partition, or, alternatively, that the appellee divide the property and the appellant be given first choice.

The trial judge concluded that neither tract, whether considered individually or together, could be conveniently partitioned in kind. The conclusion that the Cabell County property could not be partitioned in kind was uncontested. Diversity of terrain was given as the reason in support of the conclusion that the Mason County property was not susceptible to partition in kind.

The proposal of the appellant to treat all the property as a unit for the purpose of partition was expressly rejected on the ground that the appellee opposed it. The court believed that, while there existed no legal impediment to such a partition, it had no authority to impose a settlement on an objecting party.

Finally, the court imposed an equitable lien, in favor of the Guaranty National Bank on two tracts included in the Mason County estate. This land, acquired separately from the others, was purchased in 1979. The appellee obtained $21,000 on an unsecured note in his name only, placed the money in the parties' joint checking account, and then paid the purchase price with a check drawn on this account. The land was deeded to the parties as joint owners with the right of survivorship. The record shows that the note remains unpaid.

II

"In a partition suit, before there can be a sale, 'there must be an affirmative showing of the propriety of the sale.' *Smith v. Greene,* 76 W.Va. 276, [279], 85 S.E. 537, 538 [1915]." *Starcher v. United Fuel Gas Co.,* 113 W.Va. 397, 400, 168 S.E. 383, 384 (1933).

■ The burden of proof is on the party seeking the sale:

> By virtue of W.Va. Code, 37-4-3, a party desiring to compel partition through sale is required to demonstrate that the property cannot be conveniently partitioned in kind, that the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale.

Syl. pt. 3, *Consolidated Gas Supply Corp. v. Riley,* 161 W.Va. 782, 247 S.E.2d 712 (1978).

■ Our review of the record reveals that the appellee failed to meet his burden of showing that the property could not be conveniently partitioned in kind.

> Inconvenience of partition as one of the circumstances authorizing such sale, does not contemplate physical impossibility of division, but the requirement is not satisfied by anything short of a real and substantial obstacle of some kind to division in kind, such as would make it injurious to the owners....

Syl. pt. 4, in part, *Croston v. Male,* 56 W.Va. 205, 49 S.E. 136, 107 Am.St.R. 918 (1904).

■ The reason given by the court for not partitioning the property according to the plan proposed by Pilcher was that the appellee objected to it. This is not a proper ground for concluding that the property cannot be conveniently partitioned in kind.

*W.Va. Code,* 37–4–1 [1939], does not contemplate the disagreement of the parties as an obstacle to partition. The statute provides, in pertinent part: "Tenants in common, joint tenants and coparceners of real property, including minerals .... *shall be compelled to make partition ...*" (emphasis added).

In *Garlow v. Murphy,* 111 W.Va. 611, 613, 163 S.E. 436, 438 (1932), we said:

> Under the common law, a co-tenant had an absolute right of partition. A judicial sale of his interest now is permissible only by reason of the statute. (citation omitted). He still has the right to partition, unless it affirmatively appears that partition cannot conveniently be made. ... The word 'conveniently' as used in the statute does not have its usual significance, but means rather *practicably* and *justly.* (emphasis in original).

In syllabus point 2 of *Garlow v. Murphy, supra,* we set out the following test: "An ordinary test of *convenience* in partition, under the statute, is, will any interest assigned be materially less in value than the interest undivided? If so, the tract should be sold; if not, it should be partitioned." (emphasis in original).

■ The court in ordering a sale misapprehended the law of partition. It focused on the hostility between the parties rather than the respective values of the subject properties. By not determining, from the evidence presented, the value of the two pieces of property, as well as the value of the two tracts into which the appellant's proposal would divide the Mason County property, the court could not properly reject the appellant's partition plan. There was no showing that, if the property were divided into two halves of equivalent value, the value of each half would be significantly less than the value of that half of the property left undivided. We conclude that the court erred in ruling that the property could not be equitably partitioned in kind.

### III

■ The trial court also erred in imposing an equitable lien on a portion of the Mason County estate. The imposition of the lien was based on the court's finding that the property was acquired for investment purposes. (Hearing transcript, September 25, 1984, at 6).* This fact does not rebut the presumption that the purchase of the property, in the name of both the appellant and appellee, with money borrowed by the appellee, was a gift from husband to wife. *W.Va. Code,* 48–3–10 [1984]; *see also Edwards v. Edwards,* 117 W.Va. 505, 185 S.E. 904 (1936); *Dodd v. Hinton,* 173 W.Va. 69, 312 S.E.2d 293 (1984).

The order of the Circuit Court of Cabell County directing a sale is therefore reversed and set aside. This case is remanded for further proceedings consistent with the principles set forth in this opinion.

Reversed and remanded.

---

\* The appellant also mentions that the trial court may have based the lien on certain provisions of the divorce decree. The decree provided that at the time of the sale of the Mason County property, the amount of the payments made by the appellee on the note should be deducted from the gross sale price and paid to the appellee prior to dividing the proceeds of the sale. The decree also provided that any profits from the Mason County property should be used to reduce the debt incurred in the purchase of the property. The effect of the divorce decree on the distribution of proceeds from a future sale of the Mason County property is not before us in this appeal. We find nothing in the record to suggest that the divorce decree was considered by the trial court as constituting the basis for an equitable lien on the Mason County property.